IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. **16-13617-GG**

United States of America,

Appellee,

- versus -

Michael Edwin Harding,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

SUPPLEMENTAL APPENDIX FOR THE UNITED STATES

Wifredo A. Ferrer
United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida 33132-2111
(305) 961-9129

Emily M. Smachetti
Chief, Appellate Division

Lisette M. Reid
Assistant United States Attorney

Of Counsel

Volume 1 of 2

# INDEX OF SUPPLEMENTAL APPENDIX

**Docket/Tab #**

**Volume One:**

District Court Docket Sheet (15-cr-14057-RLR)  …………………...          A

Government's Objections to the
Presentence Investigation Report  ……………………………...          DE 85

Defendant's Objections to the
Presentence Investigation Report  ……………………….…………          DE 86

Notice of Filing by Michael Edwin Harding  ………………………..          DE 88

Government's Sentencing Memorandum in Support
of a Life Sentence  ……………………………………………………..          DE 96

**Volume Two: Filed Under Seal[1]**

Sealed Government's Exhibits[2]  ……………………………………..          DE 91

Sealed Government Exhibit List  …………………………………...          DE 111

Government Sentencing Exhibits  …………………………………...          Govt. Exh. 1
                              …………………………………...          Govt. Exh. 2
                              …………………………………...          Govt. Exh. 3
                              …………………………………...          Govt. Exh. 4
                              …………………………………...          Govt. Exh. 5
                              …………………………………...          Govt. Exh. 6
                              …………………………………...          Govt. Exh. 7
                              …………………………………...          Govt. Exh. 8
                              …………………………………...          Govt. Exh. 12
                              …………………………………...          Govt. Exh. 13
                              …………………………………...          Govt. Exh. 14
                              …………………………………...          Govt. Exh. 15

Certificate of Service

---

[1]      Volume two of this Supplemental Appendix was not filed electronically, but was sent to the Court under Seal.

[2]      The Government Exhibits were filed under seal in the District Court in accordance with the District Court's May 20, 2016 order (DE 100).

# TAB A

# US District Court Criminal Docket

## U.S. District - Florida Southern
## (Ft Pierce)

## 2:15cr14057

## USA v. Harding

This case was retrieved from the court on Thursday, January 19, 2017

Date Filed: **10/01/2015**

Other Magistrate judge case number:
Docket: **2:15mj00124**

Class Code: **CLOSED**

Closed: **yes**

| Defendants |
|---|

**Name**

Michael Edwin Harding(1)
[Term: 05/31/2016]
Appeals court case number: 16-13617-G 08543-104 English;
YOB 1987

**Attorneys**

Fletcher Peacock
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
Federal Public Defender's Office
109 North 2nd Street
Fort Pierce, FLÂ 34950
USA
772-489-2123
Fax: 772-489-3997
Designation: Public Defender Appointment
Email: fletcher_peacock@fd.org

**Charges**

Complaints: 18:2252A.F Receiving and Distributing material involving sexual exploitation of minors and Possession of child pornography

Pending: 18:2252A.F ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO(1ss-4ss)

18:2422.F COERCION OR ENTICEMENT OF FEMALE(5ss)

18:2251.F SEXUAL EXPLOITATION OF CHILDREN(6ss)
**Offense Level (Opening): Felony**

Terminated: 18:2252A.F ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO(1-6)

18:2252A.F ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO(1s-6s)

18:2422.F COERCION OR ENTICEMENT OF FEMALE(7s)
**Offense Level (Terminated): Felony**

**Disposition**

Imprisonment: Life, the term consists of 240 months as to each of Counts One through Four, life as to Count Five and 360 months as to Count Six. All Counts to be served concurrently. Supervised Release: Life as to Counts One through Six, concurrently; Special Assessment: $600.00 and Special Conditions as noted in Part G of the PSI. Restitution to be determined.

CaseÂ Assigned to: JudgeÂ Robin L. Rosenberg
CaseÂ Referred to: Â Ch. Magistrate Judge Frank J. Lynch, Jr

| U. S. Attorneys |
|---|

Daniel E. Funk

LEAD ATTORNEY:ATTORNEY TO BE NOTICED
U.S. Attorney's Office
101 S. U.S. Highway 1
Fort Pierce, FL 34950
USA
305-905-7509
Fax: 772-466-1020
Designation: Retained
Email: daniel.funk@usdoj.gov

Russell R. Killinger
LEAD ATTORNEY;ATTORNEY TO BE NOTICED
United States Attorney's Office
101 South U.S. Hwy 1 Suite 3100
Fort Pierce, FL 34950
USA
772-466-0899
Fax: 772-595-3606
Email: russell.killinger@usdoj.gov

Antonia J. Barnes
ATTORNEY TO BE NOTICED
United States Attorney's Office
500 South Australian Avenue Suite 400
West Palm Beach, FL 33401
USA
561-820-8711
Fax: 655-9785
Email: antonia.barnes@usdoj.gov

| Date | # | Proceeding Text |
|---|---|---|
| 09/22/2015 | 1 | COMPLAINT as to Michael Edwin Harding (1). (cga) [2:15-mj-00124-FJL] (Entered: 09/22/2015) |
| 09/22/2015 | | SYSTEM ENTRY - Docket Entry 2 restricted/sealed until further notice. (cga) [2:15-mj-00124-FJL] (Entered: 09/22/2015) |
| 09/22/2015 | 3 | NOTICE OF HEARING as to Michael Edwin Harding Initial Appearance set for 9/23/2015 09:30 AM in Fort Pierce Division before FTP Duty Magistrate, Ch. Magistrate Judge Lynch. (cga) [2:15-mj-00124-FJL] (Entered: 09/22/2015) |
| 09/22/2015 | | Arrest of Michael Edwin Harding (cga) [2:15-mj-00124-FJL] (Entered: 09/23/2015) |
| 09/23/2015 | 4 | Minute Entry for proceedings held before Ch. Magistrate Judge Frank J. Lynch, Jr: Initial Appearance as to Michael Edwin Harding held on 9/23/2015. Date of Arrest: 9/22/2015. (Preliminary Hearing/Arraignment set for 10/2/2015 09:30 AM and Detention Hearing set for 9/30/2015 09:30 AM in Fort Pierce Division) Court orders Deft temporary detained as risk of flight and danger to community. Attorney added: Fletcher Peacock for Michael Edwin Harding (Digital 09.31.31) (cga) [2:15-mj-00124-FJL] (Entered: 09/23/2015) |
| 09/23/2015 | 5 | Order on Initial Appearance as to Michael Edwin Harding for proceeding held on 9/23/2015. Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 9/23/2015. (cga) [2:15-mj-00124-FJL] (Entered: 09/23/2015) |
| 09/23/2015 | 6 | Report Commencing Criminal Action as to Michael Edwin Harding - YOB: **/**/1987 Prisoner #: 08543-104 (cga) [2:15-mj-00124-FJL] (Entered: 09/23/2015) |
| 09/24/2015 | 7 | Notice of Assignment of Assistant Federal Public Defender as to Michael Edwin Harding. Attorney Fletcher Peacock added. (Peacock, Fletcher) [2:15-mj-00124-FJL] (Entered: 09/24/2015) |
| 09/24/2015 | 8 | Invocation of Right to Silence and Counsel by Michael Edwin Harding (Peacock, Fletcher) [2:15-mj-00124-FJL] (Entered: 09/24/2015) |
| 09/25/2015 | 9 | Arrest Warrant returned executed on 9/22/2015 as to Michael Edwin Harding (cga) [2:15-mj-00124-FJL] (Entered: 09/25/2015) |
| 09/30/2015 | 10 | Minute Entry for proceedings held before Ch. Magistrate Judge Frank J. Lynch, Jr: Detention Hearing as to Michael Edwin Harding held on 9/30/2015 Court orders Defendant pretrial detained as risk of flight and danger to community(written order to follow) (Digital 09.30.16) (cga) [2:15-mj-00124-FJL] (Entered: 09/30/2015) |
| 09/30/2015 | 11 | ORDER OF DETENTION as to Michael Edwin Harding Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 9/30/2015. (cga) [2:15-mj-00124-FJL] (Entered: 09/30/2015) |
| 10/01/2015 | 12 | INDICTMENT as to Michael Edwin Harding (1) count(s) 1-6 and Forfeiture. (cga) (Entered: 10/01/2015) |
| 10/02/2015 | 13 | Minute Entry for proceedings held before Ch. Magistrate Judge Frank J. Lynch, Jr: ARRAIGNMENT as |

| | | |
|---|---|---|
| 10/02/2015 | | Case 9:15-cr-80101-RLR Document 36 Entered on FLSD Docket 09/31/2015 Page 6 of 70 (Entered: 10/02/2015) |
| 10/02/2015 | 14 | PAPERLESS STANDING DISCOVERY ORDER as to Michael Edwin Harding: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 10/2/2015. (cga) (Entered: 10/02/2015) |
| 10/02/2015 | 15 | ORDER Re: Status Report, Speedy Trial and Pretrial Matters as to Michael Edwin Harding. Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 10/2/2015. (cga) (Entered: 10/02/2015) |
| 10/15/2015 | 16 | SUPERSEDING INDICTMENT as to Michael Edwin Harding (1) count(s) 1s-6s, 7s and Forfeiture. (cga) (Entered: 10/15/2015) |
| 10/16/2015 | 17 | First RESPONSE to Standing Discovery Order by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 10/16/2015) |
| 10/19/2015 | 18 | NOTICE OF HEARING as to Michael Edwin Harding: Arraignment on Superseding Indictment 16 set for Thursday, 10/22/2015 at 1:30 PM, King Bldg., 99 NE 4th Street, 11th Floor, Courtroom 3 in Miami Division before MIA Duty Magistrate Jonathan Goodman. (lw1) (Entered: 10/19/2015) |
| 10/19/2015 | 19 | Second RESPONSE to Standing Discovery Order by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 10/19/2015) |
| 10/19/2015 | 20 | STATUS REPORT JOINT by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 10/19/2015) |
| 10/19/2015 | 21 | ORDER SETTING TRIAL DATE as to Michael Edwin Harding: Calendar Call set for 11/4/2015 09:00 AM in Fort Pierce Division before Judge Robin L. Rosenberg. Jury Trial set for 11/16/2015 09:00 AM in Fort Pierce Division before Judge Robin L. Rosenberg. Signed by Judge Robin L. Rosenberg on 10/19/2015. (lh) (Entered: 10/19/2015) |
| 10/20/2015 | 22 | AMENDED ORDER SETTING TRIAL DATE as to Michael Edwin Harding, ( Calendar Call set for 11/4/2015 09:00 AM in Fort Pierce Division before Judge Robin L. Rosenberg., Jury Trial set for 11/16/2015 09:00 AM in Fort Pierce Division before Judge Robin L. Rosenberg.) Signed by Judge Robin L. Rosenberg on 10/20/2015. (ots) (Entered: 10/21/2015) |
| 10/22/2015 | 23 | Minute Order for proceedings held before Magistrate Judge Jonathan Goodman: ARRAIGNMENT as to Michael Edwin Harding (1) Count 1s-6s,7s held on 10/22/2015. (Digital 14:28:03) PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Jonathan Goodman on 10/22/2015. (wc) (Entered: 10/23/2015) |
| 10/29/2015 | 24 | STATUS REPORT JOINT by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 10/29/2015) |
| 11/02/2015 | 25 | PAPERLESS NOTICE OF HEARING **TIME CHANGE ONLY** as to Michael Edwin Harding Calendar Call set for 11/4/2015 08:45 AM in West Palm Beach Division before Judge Robin L. Rosenberg.Counsels who wish to appear via telephone shall call the toll-free number 1-877-873-8018 from a landline phone, five (5) minutes prior to the start of the calendar call.a.Enter Access Code Number 9890482 followed by the # sign,b.Enter Security Code Number 4008 followed by the # sign,c.State your name, the name of the party you represent and enter the conference.(mno) (Entered: 11/02/2015) |
| 11/02/2015 | 26 | Joint MOTION to Continue Trial by Michael Edwin Harding. Responses due by 11/19/2015 (Peacock, Fletcher) (Entered: 11/02/2015) |
| 11/02/2015 | 27 | PAPERLESS ORDER Granting 26 Motion to Continue Trial as to Michael Edwin Harding (1). Calendar Call set for 12/2/2015 09:00 AM in Fort Pierce Division before Judge Robin L. Rosenberg. Jury Trial set for 12/7/2015 09:00 AM in West Palm Beach Division before Judge Robin L. Rosenberg. Defense will file Waiver of Speedy within two (2) days of this Order. Parties shall file an updated Joint Status Report five (5) days prior to the Calendar Call. Signed by Judge Robin L. Rosenberg on 11/2/2015. (mno) (Entered: 11/02/2015) |
| 11/05/2015 | 28 | MOTION to Dismiss 16 Indictment Or Merge Counts 4, 5 and 6 Due to Multiplicity by Michael Edwin Harding. Responses due by 11/23/2015 (Peacock, Fletcher) (Entered: 11/05/2015) |

| | | |
|---|---|---|
| 11/06/2015 | 29 | ORDER Directing Expedited Response and Reply as to Michael Edwin Harding re 28 MOTION to Dismiss 16 Indictment Or Merge Counts 4, 5 and 6 Due to Multiplicity filed by Michael Edwin Harding, as to 28 MOTION to Dismiss 16 Indictment Or Merge Counts 4, 5 and 6 Due to Multiplicity. ( Responses due by 11/13/2015, Replies due by 11/18/2015.) Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 11/5/2015. (cqs) (Entered: 11/06/2015) |
| 11/12/2015 | 30 | RESPONSE to Motion by USA as to Michael Edwin Harding re 28 MOTION to Dismiss 16 Indictment Or Merge Counts 4, 5 and 6 Due to Multiplicity Replies due by 11/23/2015. (Funk, Daniel) (Entered: 11/12/2015) |
| 11/12/2015 | 31 | ORDER DIRECTING EXPEDITED RESPONSE FROM FEDERAL PUBLIC DEFENDER as to Michael Edwin Harding re 30 Motion to deny Defendant's Motion to Dismiss or merge counts 4,5 and 6 filed by USA ( Response due no later than 3:00 p.m., Friday,11/13/2015) Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 11/12/2015. (cga) (Entered: 11/12/2015) |
| 11/12/2015 | 32 | SECOND SUPERSEDING INDICTMENT as to Michael Edwin Harding (1) count(s) 1ss-4ss, 5ss, 6ss and Forfeiture. (cga) (Entered: 11/12/2015) |
| 11/12/2015 | 33 | RESPONSE/REPLY by Michael Edwin Harding to 30 Response to Motion to Deny as Moot Defendant's Motion to Dismiss or Merge Counts 4, 5and 6 Due to Multiplicity (Peacock, Fletcher) (Entered: 11/12/2015) |
| 11/13/2015 | 34 | REPORT AND RECOMMENDATIONS as to Michael Edwin Harding re 28 MOTION to Dismiss Indictment Or Merge Counts 4, 5 and 6 Due to Multiplicity and 30 Response to Motion to Dismiss Indictment. Objections to R&R due by 11/30/2015 Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 11/13/2015. (cga) (Entered: 11/13/2015) |
| 11/16/2015 | 35 | Third RESPONSE to Standing Discovery Order by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 11/16/2015) |
| 11/18/2015 | 36 | NOTICE OF HEARING as to Michael Edwin Harding. Arraignment on Second Superseding Indictment set for 11/20/2015 01:30 PM in Miami Division before MIA Duty Magistrate. (Defendant is being housed at FDC-Miami)(mdc) (Entered: 11/18/2015) |
| 11/18/2015 | 37 | NOTICE OF FILING by Michael Edwin Harding (Attachments: # 1 Written Waiver of Speedy Trial) (Peacock, Fletcher) (Entered: 11/18/2015) |
| 11/18/2015 | 38 | WAIVER of Speedy Trial by Michael Edwin Harding (lh)see DE# 37 for image (Entered: 11/19/2015) |
| 11/18/2015 | 39 | Clerks Notice to Filer re 37 Notice (Other). Wrong Event Selected; ERROR - The Filer selected the wrong event. The document was re-docketed by the Clerk, see [de#38]. It is not necessary to refile this document. (lh) (Entered: 11/19/2015) |
| 11/20/2015 | 40 | STATUS REPORT Defendant's by Michael Edwin Harding (Peacock, Fletcher) (Entered: 11/20/2015) |
| 11/20/2015 | 41 | Minute Order for proceedings held before Magistrate Judge Andrea M. Simonton: ARRAIGNMENT as to Michael Edwin Harding (1) Count 1ss-4ss,5ss,6ss held on 11/20/2015 (Digital 13:43:14) PAPERLESS STANDING DISCOVERY ORDER: The defendant(s) having been arraigned this date in open Court, it is Ordered that within 14 days of the date of this order that all parties to this action shall review and comply with Southern District of Florida Local Rules 88.10 (Criminal Discovery), and 88.9(c) (Motions in Criminal Cases). Upon a sufficient showing, the Court may at any time, upon a properly filed motion, order that the discovery or inspection provided for by this Standing Order be denied, restricted or deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make a good faith effort to comply with the letter and spirit of this Standing Order. It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of Local Rule 88.10. Signed by Magistrate Judge Andrea M. Simonton on 11/20/2015. (sl) (Entered: 11/23/2015) |
| 11/30/2015 | 42 | MOTION to Continue Trial by Michael Edwin Harding. Responses due by 12/17/2015 (Peacock, Fletcher) (Entered: 11/30/2015) |
| 12/01/2015 | 43 | MOTION in Limine by USA as to Michael Edwin Harding. Attorney Russell R. Killinger added to party USA(pty:pla). Responses due by 12/18/2015 (Attachments: # 1 Exhibit A-Declaration of Custodian of Records AT&T, # 2 Exhibit B-Declaration of Custodian of Records AT&T, # 3 Exhibit C-Declaration of Custodian of Records Kik)(Killinger, Russell) (Entered: 12/01/2015) |
| 12/01/2015 | 44 | PAPERLESS ORDER ADOPTING REPORT AND RECOMMENDATION as to Michael Edwin Harding. No objections to the Report and Recommendation 34 have been filed, the Court has nonetheless conducted a review of the Report and Recommendation and the record and adopts the Report and Recommendation denying as moot 28 Defendant's MOTION to Dismiss and granting 30 Government's Motion to Deny. Signed by Judge Robin L. Rosenberg on 12/1/2015. (lw1) (Entered: 12/01/2015) |
| 12/01/2015 | 45 | Proposed Voir Dire Questions by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 12/01/2015) |
| 12/02/2015 | 46 | PAPERLESS MINUTE ORDER for proceedings held before Judge Robin L. Rosenberg: Calendar Call as to Michael Edwin Harding held on 12/2/2015 granting 42 Motion to Continue Trial as to Michael Edwin Harding (1). For the reasons stated in the motion and articulated in court, the Court finds that the interests of justice outweigh the demands of the Speedy Trial Act. Therefore,IT IS FURTHER AND |

... to exclude the time between 11/30/15 and 1/25/16 is excluded from the Speedy Trial Act. (Calendar Call reset for 1/20/2016 at 9:00 AM in Fort Pierce Division before Judge Robin L. Rosenberg., Jury Trial reset for 1/25/2016 at 9:00 AM in Fort Pierce Division before Judge Robin L. Rosenberg.). **Counsel who wish to appear at calendar call via telephone shall call the toll-free number 1-877-873-8018 from a landline phone, five (5) minutes prior to the start of the calendar call. a) Enter Access Code Number 9890482 followed by the # sign, b) Enter Security Code Number 4008 followed by the # sign, c) State your name, the name of the party you represent and enter the conference**. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Signed by Judge Robin L. Rosenberg. Text modified 12/3/2015 (lw1). (Entered: 12/03/2015)

| | | |
|---|---|---|
| 12/11/2015 | 47 | PAPERLESS ORDER OF REFERRAL TO MAGISTRATE JUDGE as to Michael Edwin Harding. Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, this matter is hereby referred to Ch. United States Magistrate Judge Frank J. Lynch, Jr. to take all necessary and proper action as required by law and/or to submit a Report and Recommendation to this Court regarding 43 MOTION in Limine filed by USA. Motion referred to Ch. Magistrate Judge Frank J. Lynch, Jr. **Please Note: Trial is currently set for 1/25/16** Signed by Judge Robin L. Rosenberg on 12/11/2015. (lw1). (Entered: 12/12/2015) |
| 12/14/2015 | 48 | RESPONSE to Motion by Michael Edwin Harding re 43 MOTION in Limine Replies due by 12/24/2015. (Peacock, Fletcher) (Entered: 12/14/2015) |
| 12/14/2015 | 49 | Supplemental RESPONSE to Standing Discovery Order by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 12/14/2015) |
| 12/15/2015 | 50 | ORDER granting 43 Motion in Limine as to Michael Edwin Harding (1). Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 12/15/2015. (cga) (Entered: 12/15/2015) |
| 12/30/2015 | 51 | Fifth RESPONSE to Standing Discovery Order by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 12/30/2015) |
| 12/30/2015 | 52 | NOTICE OF ATTORNEY APPEARANCE Russell R. Killinger appearing for USA. (Killinger, Russell) (Entered: 12/30/2015) |
| 12/30/2015 | 53 | MOTION in Limine To Admit Business Records Pursuant to Federal Rules of Evidence 902(11) & 803(6) by USA as to Michael Edwin Harding. Responses due by 1/19/2016 (Attachments: # 1 Exhibit A-Business Records Certification)(Killinger, Russell) (Entered: 12/30/2015) |
| 12/30/2015 | 54 | PAPERLESS ORDER REFERRING 53 MOTION in Limine To Admit Business Records Pursuant to Federal Rules of Evidence 902(11) & 803(6) filed by USA. Motion referred to Ch. Magistrate Judge Frank J. Lynch, Jr. **Please Note: Trial is currently set for 1/25/16**. Signed by Judge Robin L. Rosenberg on 12/30/2015. Modified text on 12/30/2015 (lw1). (Entered: 12/30/2015) |
| 01/05/2016 | 55 | RESPONSE to Motion by Michael Edwin Harding re 53 MOTION in Limine To Admit Business Records Pursuant to Federal Rules of Evidence 902(11) & 803(6) Replies due by 1/15/2016. (Peacock, Fletcher) (Entered: 01/05/2016) |
| 01/05/2016 | 56 | ORDER granting 53 Motion in Limine as to Michael Edwin Harding (1). Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 1/5/2016. (lh) (Entered: 01/05/2016) |
| 01/06/2016 | 57 | Sixth RESPONSE to Standing Discovery Order by USA as to Michael Edwin Harding (Killinger, Russell) (Entered: 01/06/2016) |
| 01/11/2016 | 58 | Seventh RESPONSE to Standing Discovery Order by USA as to Michael Edwin Harding (Killinger, Russell) (Entered: 01/11/2016) |
| 01/14/2016 | 59 | MOTION in Limine to Admit Evidence Pursuant to Federal Rules of Evidence 401, 403, and 404(b) by USA as to Michael Edwin Harding. Responses due by 2/1/2016 (Killinger, Russell) (Entered: 01/14/2016) |
| 01/14/2016 | 60 | PAPERLESS ORDER REFERRING 59 MOTION in Limine to Admit Evidence Pursuant to Federal Rules of Evidence 401, 403, and 404(b) filed by USA. Motion referred to Ch. Magistrate Judge Frank J. Lynch, Jr. Please note: Trial is currently set for 1/25/16. Signed by Judge Robin L. Rosenberg on 1/14/2016. (lw1) (Entered: 01/14/2016) |
| 01/15/2016 | 61 | REPORT AND RECOMMENDATIONS as to Michael Edwin Harding re 59 MOTION in Limine to Admit Evidence Pursuant to Federal Rules of Evidence 401, 403, and 404(b) Recommending that the motion be denied without prejudice. Objections to R&R due by 1/20/2016, Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 1/15/2016. (lh) (Entered: 01/15/2016) |
| 01/19/2016 | 62 | Eighth RESPONSE to Standing Discovery Order by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 01/19/2016) |
| 01/19/2016 | 63 | Unopposed MOTION to Continue Trial Or In The Alternative Exclude DNA Evidence by Michael Edwin Harding. Responses due by 2/5/2016 (Peacock, Fletcher) (Entered: 01/19/2016) |
| 01/20/2016 | 64 | PAPERLESS MINUTE ORDER for proceedings held before Judge Robin L. Rosenberg: Calendar Call as to Michael Edwin Harding held on 1/20/2016 granting in part Defendant's 63 Unopposed Motion to Continue Trial as to Michael Edwin Harding (1). For the reasons stated in the motion and articulated in court, the Court finds that the interests of justice outweigh the demands of the Speedy Trial Act. Therefore,IT IS FURTHER AND ADJUDGED that the time between 1/19/16 and 2/22/16 is hereby excluded from the Speedy Trial Act calculations. (Calendar Call reset for 2/17/2016 at 9:00 AM in Fort Pierce Division before Judge Robin L. Rosenberg., Jury Trial reset for 2/22/2016 at 9:00 AM in |

call via telephone shall call the toll-free number 1-877-873-8018 from a landline phone, five (5) minutes prior to the start of the calendar call. a) Enter Access Code Number 9890482 followed by the # sign, b) Enter Security Code Number 4008 followed by the # sign, c) State your name, the name of the party you represent and enter the conference**. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Signed by Judge Robin L. Rosenberg on 1/20/2016. (lw1) (Entered: 01/20/2016)

| 01/20/2016 | | Set Hearings as to Michael Edwin Harding: Status Conference set for Wednesday, 2/3/2016 at 9:00 AM in West Palm Beach Division before Judge Robin L. Rosenberg. **Counsel who wish to appear at status conference via telephone shall call the toll-free number 1-877-873-8018 from a landline phone, five (5) minutes prior to the start of the conference. a) Enter Access Code Number 9890482 followed by the # sign, b) Enter Security Code Number 4008 followed by the # sign, c) State your name, the name of the party you represent and enter the conference**. (lw1) (Entered: 01/20/2016) |
| 01/21/2016 | 65 | PAPERLESS ORDER ADOPTING 61 REPORT AND RECOMMENDATION as Michael Edwin Harding. THIS MATTER is before the Court on the Report and Recommendation re 59 MOTION in Limine to Admit Evidence Pursuant to Federal Rules of Evidence 401, 403, and 404(b) filed by USA. After review of the Report and Recommendation, review of the record, and having received no objections thereto, it is ORDERED AND ADJUDGED that the Court adopts the Report and Recommendation denying without prejudice Defendant's 59 MOTION in Limine to Admit Evidence Pursuant to Federal Rules of Evidence 401, 403, and 404(b) filed by USA. Signed by Judge Robin L. Rosenberg on 1/21/2016. (lw1) (Entered: 01/21/2016) |
| 01/29/2016 | 66 | Ninth RESPONSE to Standing Discovery Order by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 01/29/2016) |
| 02/03/2016 | 67 | PAPERLESS MINUTE ENTRY for proceedings held before Judge Robin L. Rosenberg: Status Conference re: DNA Evidence as to Michael Edwin Harding held on 2/3/2016. **Telephonic Appearances: AUSA Daniel Funk present on behalf of the Government. AFPD Fletcher Peacock present on behalf of the Defendant (presence not required). Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (lw1) (Entered: 02/03/2016) |
| 02/17/2016 | 68 | PAPERLESS MINUTE ENTRY for proceedings held before Judge Robin L. Rosenberg: Calendar Call as to Michael Edwin Harding held on 2/17/2016. Plea and trial related matters addressed. Parties shall continue to confer in an effort to reach resolution prior to trial and shall update the Court on their progress. **Appearances: AUSAs Russell Killinger and Daniel Funk present on behalf of the Government. AFPD Fletcher Peacock present (via phone) on behalf of Defendant Michael Edwin Harding. (lw1) (Entered: 02/18/2016) |
| 02/18/2016 | 69 | PAPERLESS NOTICE OF HEARING as to Michael Edwin Harding. Per the Court's request, Telephone Conference set for Friday, 2/19/2016 at 8:30 AM in West Palm Beach Division before Judge Robin L. Rosenberg. **The parties are instructed to please call the toll-free number 1-877-873-8018 from a landline phone, five (5) minutes prior to the start of the conference call. a) Enter Access Code Number 9890482 followed by the # sign, b) Enter Security Code Number 4008 followed by the # sign, c) State your name, the name of the party you represent and enter the conference**. (lw1) (Entered: 02/18/2016) |
| 02/18/2016 | 70 | Proposed Jury Instructions by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 02/18/2016) |
| 02/18/2016 | 71 | Witness List by USA as to Michael Edwin Harding (Killinger, Russell) (Entered: 02/18/2016) |
| 02/18/2016 | 72 | EXHIBIT LIST by USA as to Michael Edwin Harding (Killinger, Russell) (Entered: 02/18/2016) |
| 02/19/2016 | 73 | PAPERLESS MINUTE ENTRY for proceedings held before Judge Robin L. Rosenberg: Telephonic Status Conference as to Michael Edwin Harding held on 2/19/2016. Court to set matter for Change of Plea Hearing via separate Order. Jury trial set for Monday, 2/22/16 is cancelled. **Appearances: AUSAs Russell Killinger and Daniel Funk present (via phone) on behalf of the Government. AFPD Fletcher Peacock present (via phone) on behalf of Defendant Michael Edwin Harding. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (lw1) (Entered: 02/19/2016) |
| 02/19/2016 | 74 | PAPERLESS ORDER SETTING CHANGE OF PLEA HEARING as to Michael Edwin Harding. Change of Plea Hearing set for Monday, 2/22/2016 at 9:30 AM in Fort Pierce Division before Judge Robin L. Rosenberg. Signed by Judge Robin L. Rosenberg on 2/19/2016. (lw1) (Entered: 02/19/2016) |
| 02/19/2016 | 75 | PAPERLESS NOTICE RESETTING CHANGE OF PLEA HEARING **TIME CHANGE ONLY** as to Michael Edwin Harding. Change of Plea Hearing reset for Monday, 2/22/2016 at 10:00 AM in Fort Pierce Division before Judge Robin L. Rosenberg. (lw1) (Entered: 02/19/2016) |
| 02/22/2016 | 76 | PAPERLESS MINUTE ENTRY for proceedings held before Judge Robin L. Rosenberg: Change of Plea Hearing as to Michael Edwin Harding held on 2/22/2016. Defendant Michael Edwin Harding sworn during plea colloquy. Ashley Harding sworn & questioned by the Court. No written plea agreement. Factual basis for all counts read into the record by the Government. Michael Edwin Harding (1) Guilty plea entered as to Counts 1ss, 2ss, 3ss & 4ss; Nolo Contendere plea entered as to Counts 5ss & 6ss. **APPEARANCES: AUSAs Daniel Funk and Russell Killinger present on behalf of the Government. AFPD Fletcher Peacock present on behalf of Defendant Michael Edwin Harding who is |

Pauline_Stipes@flsd.uscourts.gov. Text modified on 2/22/2016 (lw1). (Entered: 02/22/2016)

| | | |
|---|---|---|
| 02/22/2016 | 77 | PAPERLESS ORDER SETTING DATE, TIME, AND PROCEDURES FOR THE SENTENCING HEARING as to Michael Edwin Harding. The Sentencing Hearing is set for Monday, 5/16/2016 at 9:30 AM for thirty (30) minutes in Fort Pierce Division before Judge Robin L. Rosenberg. The Probation Office shall disclose the Draft PSR no later than 35 days prior to the sentencing hearing. THE COURT ORDERS that if more than thirty (30) minutes is needed for the sentencing hearing, counsel shall file a notice estimating the amount of time needed for the sentencing hearing no later than fourteen (14) calendar days prior to the hearing. THE COURT FURTHER ORDERS that counsel shall file their Objections, and Motions for Departure and/or Variance from the guidelines, if any, to the DRAFT PSR within fourteen (14) days after disclosure of the DRAFT PSR. Responses to the Objections and any Motions for Departure and/or Variance from the guidelines shall be filed seven (7) days thereafter. The Probation Office shall disclose the Final PSR and Addendum no later than (7) days prior to the sentencing hearing. After the FINAL PSR has been disclosed to the parties, or if the PSR is subsequently Revised, or Supplemented, counsel shall file a Notice stating which of the previously filed Objections, if any, have been resolved and which Objections, if any, remain to be resolved by the Court at the sentencing hearing. This Notice shall be filed no later than three (3) days before the sentencing hearing. Signed by Judge Robin L. Rosenberg on 2/22/2016.(lw1) (Entered: 02/22/2016) |
| 02/23/2016 | 78 | Notice of Presentence Investigation Assignment of Michael Edwin Harding to US Probation Officer Edward Cooley in the Fort Pierce Alto Lee Adams, Sr. U.S. Courthouse and he/she can be contacted at 772 467-2367 or Edward_Cooley@flsp.uscourts.gov. (mhz2) (Entered: 02/23/2016) |
| 03/02/2016 | 79 | MOTION for Forfeiture of Property PRELIMINARY ORDER OF FORFEITURE by USA as to Michael Edwin Harding. Attorney Antonia J. Barnes added to party USA(pty:pla). Responses due by 3/21/2016 (Attachments: # 1 Text of Proposed Order (Preliminary Order of Forfeiture))(Barnes, Antonia) (Entered: 03/02/2016) |
| 03/02/2016 | 80 | PRELIMINARY ORDER OF FORFEITURE as to Michael Edwin Harding (1). Signed by Judge Robin L. Rosenberg on 3/2/2016. (lw1) (Entered: 03/02/2016) |
| 04/05/2016 | 81 | Acknowledgment of Service on 03/22/16 by USA as to Michael Edwin Harding re 80 PRELIMINARY ORDER OF FORFEITURE as to Michael Edwin Harding (1). Signed by Judge Robin L. Rosenberg on 3/2/2016. (lw1) Miscellaneous Electronic Equipment (Barnes, Antonia) (Entered: 04/05/2016) |
| 04/08/2016 | 82 | DRAFT Disclosure of Presentence Investigation Report of Michael Edwin Harding. This is a limited access document. Report access provided to attorneys Daniel E. Funk, Fletcher Peacock by USPO (Attachments: # 1 Position of Parties)(mhz2) (Entered: 04/08/2016) |
| 04/12/2016 | 83 | SERVICE (Proof) by Publication by USA as to Michael Edwin Harding Last Publication date 4/3/2016. Claims/Positions/Written Defenses/Answers/etc., due by 5/6/2016. (Attachments: # 1 Advertisement and Certification Report) (Barnes, Antonia) (Entered: 04/12/2016) |
| 04/13/2016 | 84 | Letter re Sentencing from Judit Sohr as to Michael Edwin Harding (lh) (Entered: 04/13/2016) |
| 04/22/2016 | 85 | OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 04/22/2016) |
| 04/26/2016 | 86 | OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT by Michael Edwin Harding (Peacock, Fletcher) (Entered: 04/26/2016) |
| 05/09/2016 | 87 | FINAL Addendum 1 Disclosure of Presentence Investigation Report of Michael Edwin Harding. This is a limited access document. Report access provided to attorneys Daniel E. Funk, Fletcher Peacock by USPO (Attachments: #(1) Addendum,# 2 Objections by Defendant,# 3 Government's Objections) (bma) (Entered: 05/09/2016) |
| 05/09/2016 | 88 | NOTICE OF FILING by Michael Edwin Harding (Attachments: # 1 Letters of Consideration)(Peacock, Fletcher) (Entered: 05/09/2016) |
| 05/10/2016 | | SYSTEM ENTRY - Docket Entry 89 restricted/sealed until further notice. (cga) (Entered: 05/10/2016) |
| 05/10/2016 | | SYSTEM ENTRY - Docket Entry 90 restricted/sealed until further notice. (cga) (Entered: 05/10/2016) |
| 05/11/2016 | 92 | MOTION for Downward Departure by Michael Edwin Harding. Responses due by 5/31/2016 (Peacock, Fletcher) (Entered: 05/11/2016) |
| 05/11/2016 | | SYSTEM ENTRY - Docket Entry 91 restricted/sealed until further notice. (jmd) (Entered: 05/12/2016) |
| 05/12/2016 | | SYSTEM ENTRY - Docket Entry 93 restricted/sealed until further notice. (jmd) (Entered: 05/12/2016) |
| 05/12/2016 | | SYSTEM ENTRY - Docket Entry 94 restricted/sealed until further notice. (jmd) (Entered: 05/12/2016) |
| 05/13/2016 | 95 | OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT by Michael Edwin Harding Defendant's Amended Objections to the Presentence Report (Peacock, Fletcher) (Entered: 05/13/2016) |
| 05/13/2016 | 96 | SENTENCING MEMORANDUM by USA as to Michael Edwin Harding (Killinger, Russell) (Entered: 05/13/2016) |
| 05/16/2016 | 97 | PAPERLESS MINUTE ENTRY for proceedings held before Judge Robin L. Rosenberg: Sentencing Hearing begun on 5/16/2016 as to Michael Edwin Harding. Witnesses: Sheila LaGrega (PSL PD), |

Hearing shall be continued via separate Notice to Monday, 5/23/16 at a time to be determined by the Court. AUSAs Daniel Funk and Russell Killinger present with case agent HSI S/A Brian Ray on behalf of the Government. AFPD Fletcher Peacock present on behalf of Defendant Michael Edwin Harding, who is also present in USM custody. USPO Ed Cooley present. Court Reporter: Pauline Stipes, 561-803-3434 /Pauline_Stipes@flsd.uscourts.gov. (lw1) (Entered: 05/16/2016)

| | | |
|---|---|---|
| 05/18/2016 | 98 | PAPERLESS NOTICE SETTING CONTINUED SENTENCING HEARING as to Michael Edwin Harding. Continued Sentencing Hearing set for Monday, 5/23/2016 at 9:00 AM in Fort Pierce Division before Judge Robin L. Rosenberg. (lw1) (Entered: 05/18/2016) |
| 05/18/2016 | 102 | MOTION to seal Notice of Filing of Victim Impact Statements by USA as to Michael Edwin Harding. Responses due by 6/6/2016 (Attachments: # 1 Appendix Proposed Order)(cga) (Entered: 05/23/2016) |
| 05/19/2016 | 99 | MOTION for Protective Order and To Seal Exhibits Introduced at Sentencing by USA as to Michael Edwin Harding. Responses due by 6/6/2016 (Killinger, Russell) (Entered: 05/19/2016) |
| 05/20/2016 | 100 | ORDER granting 99 Motion for Protective Order and To Seal Exhibits Introduced at Sentencing by USA as to Michael Edwin Harding (1). Signed by Judge Robin L. Rosenberg on 5/20/2016. (lw1) (Entered: 05/20/2016) |
| 05/20/2016 | 101 | MOTION for Leave to Appear Telephonically/May 23, 2016/9:00 am . Attorney/Representative: Fletcher Peacock by Michael Edwin Harding. Responses due by 6/6/2016 (Attachments: # 1 Text of Proposed Order)(Peacock, Fletcher) (Entered: 05/20/2016) |
| 05/23/2016 | | SYSTEM ENTRY - Docket Entry 103 restricted/sealed until further notice. (cga) (Entered: 05/23/2016) |
| 05/23/2016 | 104 | PAPERLESS ORDER granting 101 Motion for Leave to Appear Telephonic as to Michael Edwin Harding (1). Signed by Judge Robin L. Rosenberg on 5/23/2016. (lw1) (Entered: 05/23/2016) |
| 05/23/2016 | | SYSTEM ENTRY - Docket Entry 105 restricted/sealed until further notice. (dj) (Entered: 05/23/2016) |
| 05/23/2016 | 106 | PAPERLESS MINUTE ENTRY for proceedings held before Judge Robin L. Rosenberg: Continued Sentencing Hearing held on 5/23/2016 as to Michael Edwin Harding. Witnesses: Dr. Michael P. Brannon (via phone), S/A Brian Ray (HSI), Wayne Walker, Ashley Harding, Julie Harding, Elizabeth Perry and Michael Harding, sworn & testified. All marked and admitted Sentencing Exhibits shall be filed under seal by agreement of the parties and the Court. Court denies Defendant's 92 Motion for Downward Variance for reasons stated on the record. Imprisonment: Life; Supervised Release: Life; Special Assessment: $600.00 and Special Conditions as noted in Part G of the PSI. Restitution to be determined. Defendant advised of right to appeal. AUSAs Daniel Funk and Russell Killinger present with case agent HSI S/A Brian Ray on behalf of the Government. AFPD Fletcher Peacock present on behalf of Defendant Michael Edwin Harding, who is also present in USM custody. USPO Ed Cooley present. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (lw1) Modified text on 5/24/2016 (lw1). (Entered: 05/24/2016) |
| 05/23/2016 | 107 | Government and Defendant's Witness List from Sentencing Hearing held 5/16/16 and 5/23/16 as to Michael Edwin Harding. (lw1) (Entered: 05/24/2016) |
| 05/23/2016 | 108 | PAPERLESS NOTICE OF HEARING as to Michael Edwin Harding. Restitution Hearing set for Wed. 8/24/2016 at 1:30 PM in Fort Pierce Division before Judge Robin L. Rosenberg. (lw1) (Entered: 05/24/2016) |
| 05/23/2016 | 109 | PAPERLESS ORDER denying Defendant's 92 Motion for Downward Departure as to Michael Edwin Harding (1). The Court denied the Motion for reasons stated on the record at the continued Sentencing Hearing held 5/23/16. Signed by Judge Robin L. Rosenberg on 5/23/2016. (lw1) (Entered: 05/24/2016) |
| 05/26/2016 | 110 | RELEASE OF EXHIBITS as to Michael Edwin Harding. Government's Sealed Exhibits Released to: S/A Brian Ray (HSI) (lw1) (Entered: 05/26/2016) |
| 05/27/2016 | | SYSTEM ENTRY - Docket Entry 111 restricted/sealed until further notice. (jmd) (Entered: 05/27/2016) |
| 05/27/2016 | 112 | Unopposed MOTION for Extension of Time to File Response Unopposed Motion to Extend Time for Objections to the Court's Findings of Fact and Sentence Imposed by Michael Edwin Harding. Responses due by 6/13/2016 (Peacock, Fletcher) (Entered: 05/27/2016) |
| 05/27/2016 | 113 | PAPERLESS ORDER granting Defendant's 112 Unopposed Motion to Extend Time for Objections to the Court's Findings of Fact and Sentence Imposed as to Michael Edwin Harding (1). Signed by Judge Robin L. Rosenberg on 5/27/2016. (lw1) (Entered: 05/27/2016) |
| 05/31/2016 | 114 | JUDGMENT as to Michael Edwin Harding (1), Imprisonment: Life, the term consists of 240 months as to each of Counts One through Four, life as to Count Five and 360 months as to Count Six. All Counts to be served concurrently. Supervised Release: Life as to Counts One through Six, concurrently; Special Assessment: $600.00 and Special Conditions as noted in Part G of the PSI. Restitution to be determined. Closing Case for Defendant. Signed by Judge Robin L. Rosenberg on 5/31/2016. (lh) NOTICE: If there are sealed documents in this case, they may be unsealed after 1 year or as directed by Court Order, unless they have been designated to be permanently sealed. See Local Rule 5.4 and Administrative Order 2014-69. (Entered: 05/31/2016) |

| 06/07/2016 | 115 | MOTION for Forfeiture of Property: FINAL ORDER OF FORFEITURE by USA as to Michael Edwin Harding. Responses due by 6/24/2016 (Attachments: # 1 Text of Proposed Order (Final Order of Forfeiture))(Barnes, Antonia) (Entered: 06/07/2016) |
| 06/10/2016 | 116 | FINAL ORDER OF FORFEITURE as to Michael Edwin Harding (1). Signed by Judge Robin L. Rosenberg on 6/10/2016. (lw1) (Entered: 06/10/2016) |
| 06/14/2016 | 117 | NOTICE OF APPEAL by Michael Edwin Harding Re: 114 Judgment,,. Filing fee $ 505.00.. USA/FPD Filer - No Filing Fee Required. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under Transcript Information. (Peacock, Fletcher) (Entered: 06/14/2016) |
| 06/15/2016 | | Transmission of Notice of Appeal and Docket Sheet as to Michael Edwin Harding to US Court of Appeals re 117 Notice of Appeal - Final Judgment, Notice has been electronically mailed. (hh) (Entered: 06/15/2016) |
| 06/17/2016 | 118 | Acknowledgment of Receipt of NOA from USCA as to Michael Edwin Harding re 117 Notice of Appeal - Final Judgment, date received by USCA: 6/15/16. USCA Case Number: 16-13617-G. (hh) (Entered: 06/17/2016) |
| 06/21/2016 | 119 | TRANSCRIPT INFORMATION FORM as to Michael Edwin Harding re 117 Notice of Appeal - Final Judgment, filed by Michael Edwin Harding. Calendar Call, Status Conference, COP Hearing, Sentencing & Continuation of Sentencing transcript(s) ordered. Order placed by Fletcher Peacock. Email sent to Court Reporter Coordinator. (Peacock, Fletcher) (Entered: 06/21/2016) |
| 06/21/2016 | 120 | TRANSCRIPT INFORMATION FORM as to Michael Edwin Harding re 117 Notice of Appeal - Final Judgment, filed by Michael Edwin Harding. Calendar Calls & Status Conference transcript(s) ordered. Order placed by Fletcher Peacock. Email sent to Court Reporter Coordinator. (Peacock, Fletcher) (Entered: 06/21/2016) |
| 06/22/2016 | 121 | COURT REPORTER ACKNOWLEDGMENT as to Michael Edwin Harding re 117 Notice of Appeal - Final Judgment, 119 Transcript Information Form, Transcripts to be filed on or before 7.22.16. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (ps) (Entered: 06/22/2016) |
| 06/22/2016 | 122 | COURT REPORTER ACKNOWLEDGMENT as to Michael Edwin Harding re 117 Notice of Appeal - Final Judgment, 120 Transcript Information Form, Transcripts to be filed on or before 7.22.16. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (ps) (Entered: 06/22/2016) |
| 07/05/2016 | 123 | TRANSCRIPT of Calendar Call as to Michael Edwin Harding held on 12.02.15 before Judge Robin L. Rosenberg, 1-7 pages, re: 117 Notice of Appeal - Final Judgment, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/6/2016. (ps) (Entered: 07/05/2016) |
| 07/05/2016 | 124 | TRANSCRIPT of Calendar Call as to Michael Edwin Harding held on 1.20.16 before Judge Robin L. Rosenberg, 1-13 pages, re: 117 Notice of Appeal - Final Judgment, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/6/2016. (ps) (Entered: 07/05/2016) |
| 07/05/2016 | 125 | TRANSCRIPT of Status Conference as to Michael Edwin Harding held on 2.3.16 before Judge Robin L. Rosenberg, 1-9 pages, re: 117 Notice of Appeal - Final Judgment, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/6/2016. (ps) (Entered: 07/05/2016) |
| 07/05/2016 | 126 | TRANSCRIPT of Calendar Call as to Michael Edwin Harding held on 2.17.16 before Judge Robin L. Rosenberg, 1-21 pages, re: 117 Notice of Appeal - Final Judgment, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/6/2016. (ps) (Entered: 07/05/2016) |
| 07/05/2016 | 127 | TRANSCRIPT of Status Conference as to Michael Edwin Harding held on 2.19.16 before Judge Robin L. Rosenberg, 1-25 pages, re: 117 Notice of Appeal - Final Judgment, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction |

Restriction set for 10/6/2016. (ps) (Entered: 07/05/2016)

| | | |
|---|---|---|
| 07/05/2016 | 128 | TRANSCRIPT of Plea as to Michael Edwin Harding held on 2.22.16 before Judge Robin L. Rosenberg, 1-58 pages, re: 117 Notice of Appeal - Final Judgment, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/6/2016. (ps) (Entered: 07/05/2016) |
| 07/05/2016 | 129 | TRANSCRIPT of Sentence as to Michael Edwin Harding held on 5.16.16 before Judge Robin L. Rosenberg, 1-73 pages, re: 117 Notice of Appeal - Final Judgment, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/6/2016. (ps) (Entered: 07/05/2016) |
| 07/05/2016 | 130 | TRANSCRIPT of Sentence as to Michael Edwin Harding held on 5.23.16 before Judge Robin L. Rosenberg, 1-179 pages, re: 117 Notice of Appeal - Final Judgment, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 7/29/2016. Redacted Transcript Deadline set for 8/8/2016. Release of Transcript Restriction set for 10/6/2016. (ps) (Entered: 07/05/2016) |
| 07/07/2016 | 131 | TRANSCRIPT NOTIFICATION as to Michael Edwin Harding - Transcript(s) ordered on: 6.22.16 by Fletcher Peacock, AFPD, Esq. have been filed by Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov re 117 Notice of Appeal - Final Judgment, 119 Transcript Information Form, 121 Court Reporter Acknowledgment,. (ps) (Entered: 07/07/2016) |
| 07/07/2016 | 132 | TRANSCRIPT NOTIFICATION as to Michael Edwin Harding - Transcript(s) ordered on: 6.22.16 by Fletcher Peacock, AFPD, Esq. have been filed by Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov re 117 Notice of Appeal - Final Judgment, 120 Transcript Information Form, 122 Court Reporter Acknowledgment,. (ps) (Entered: 07/07/2016) |
| 08/10/2016 | 133 | PAPERLESS NOTICE OF HEARING as to Michael Edwin Harding:Status Conference re: Restitution Hearing set for Thursday, 8/11/2016 at 11:00 AM in West Palm Beach Division before Judge Robin L. Rosenberg. **Counsel who wish to appear at status conference via telephone shall call the toll-free number 1-877-873-8018 from a landline phone, five (5) minutes prior to the start of the conference. a) Enter Access Code Number 9890482 followed by the # sign, b) Enter Security Code Number 4008 followed by the # sign, c) State your name, the name of the party you represent and enter the conference.**(lw1) (Entered: 08/10/2016) |
| 08/11/2016 | 134 | PAPERLESS MINUTE ENTRY for proceedings held before Judge Robin L. Rosenberg: Telephonic Status Conference re: Restitution Hearing as to Michael Edwin Harding held on 8/11/2016. The parties indicate that they are in the process of conferring in an effort to resolve matter. Restitution pleadings shall be submitted consistent with instructions and deadlines stated by the Court in open court. Status Conference shall be set via separate notice. Telephonic Appearances: AUSA Daniel Funk present on behalf of the Government. AFPD Fletcher Peacock present on behalf of Defendant Michael Harding (appearance not required). Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (lw1) (Entered: 08/12/2016) |
| 08/12/2016 | 135 | PAPERLESS NOTICE OF HEARING as to Michael Edwin Harding. Telephonic Status Conference re: Restitution Hearing set for Friday, 8/19/2016 at 10:30 AM in West Palm Beach Division before Judge Robin L. Rosenberg. **Counsel who wish to appear at status conference via telephone shall call the toll-free number 1-877-873-8018 from a landline phone, five (5) minutes prior to the start of the conference. a) Enter Access Code Number 9890482 followed by the # sign, b) Enter Security Code Number 4008 followed by the # sign, c) State your name, the name of the party you represent and enter the conference.**(lw1) (Entered: 08/12/2016) |
| 08/16/2016 | 136 | First MOTION for Judgment MOTION FOR COURT ORDERED RESTITUTION by USA as to Michael Edwin Harding. Responses due by 9/2/2016 (Funk, Daniel) (Entered: 08/16/2016) |
| 08/17/2016 | | SYSTEM ENTRY - Docket Entry 137 restricted/sealed until further notice. (cga) (Entered: 08/17/2016) |
| 08/19/2016 | 138 | PAPERLESS MINUTE ENTRY for proceedings held before Judge Robin L. Rosenberg: Telephonic Status Conference re: Restitution as to Michael Edwin Harding held on 8/19/2016. The parties indicate to the Court that they are continuing their efforts to resolve the remaining issues with respect restitution in this case. The Restitution Hearing shall remain on the calendar for Wednesday, 8/24/16 at 1:30PM in Fort Pierce. The parties shall notify the Court on Monday, 8/22/16 to provide an update regarding the status of the restitution. **Telephonic Appearances: AUSA Russell Killinger (for AUSA Daniel Funk) present on behalf of the Government. AFPD Fletcher Peacock present on behalf of Defendant Michael Harding (appearance not required). Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (lw1) (Entered: 08/19/2016) |

| 08/22/2016 | 139 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Michael Edwin Harding. Responses due by 9/9/2016 (Attachments: # 1 Text of Proposed Order)(Funk, Daniel) (Entered: 08/22/2016) |
| 08/22/2016 | 140 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Michael Edwin Harding. Responses due by 9/9/2016 (Attachments: # 1 Text of Proposed Order Writ of /Habeas Corpus Ad Prosequendum)(Funk, Daniel) (Entered: 08/22/2016) |
| 08/22/2016 | 141 | Clerks Notice to Filer re 139 MOTION for Writ of Habeas Corpus ad prosequendum . Document Unreadable; CORRECTIVE ACTION REQUIRED - Filer must file a Notice of Striking, then refile a legible copy of the document. (cga) (Entered: 08/23/2016) |
| 08/23/2016 | 142 | NOTICE of Striking 139 MOTION for Writ of Habeas Corpus ad prosequendum , 140 MOTION for Writ of Habeas Corpus ad prosequendum corrected by USA as to Michael Edwin Harding (Funk, Daniel) (Entered: 08/23/2016) |
| 08/23/2016 | 143 | ORDER granting 140 Motion for Writ of Habeas Corpus ad prosequendum as to Michael Edwin Harding (1). Restitution Hearing set for 8/24/2016 01:30 PM in Fort Pierce Division before Judge Robin L. Rosenberg. Signed by Ch. Magistrate Judge Frank J. Lynch, Jr on 8/23/2016. (cga) (Entered: 08/23/2016) |
| 08/23/2016 | | SYSTEM ENTRY - Docket Entry 144 restricted/sealed until further notice. (dj) (Entered: 08/23/2016) |
| 08/24/2016 | 145 | PAPERLESS MINUTE ENTRY for proceedings held before Judge Robin L. Rosenberg: Restitution Hearing held on 8/24/2016 as to Michael Edwin Harding. Oral arguments heard. Government's Witness: HSI S/A Brian Ray sworn & testified. Government's Exhibits: Sealed Ex. 1 and Exhibits 2-8 all marked and admitted. By 5:00PM close of business Wednesday, 8/31/16, the parties shall each submit to the Court's CM/ECF email address (rosenberg@flsd.uscourts.gov) proposed Orders of Restitution which comprise of proposed Findings of Fact and Conclusions of Law. **Appearances: AUSA Daniel Funk present on behalf of the Government with HSI S/A Brian Ray. AFPD Fletcher Peacock present on behalf of Defendant Michael Harding, who is also present in custody. USPO Ed Cooley present. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (lw1) (Entered: 08/24/2016) |
| 08/24/2016 | 146 | GOVERNMENT'S EXHIBIT and WITNESS LIST from Restitution Hearing held on 8/24/16 as to Michael Edwin Harding. (lw1) (Entered: 08/24/2016) |
| 08/24/2016 | 147 | Remark as to Michael Edwin Harding: Government's Exhibits from 8/24/16 Restitution Hearing are currently in the custody of the Court and shall be returned to the Government following the Court's ruling on restituition in this matter. Sealed Exh. 1 shall remain under seal until further Order of the Court, per Order DE#144. (lw1) (Entered: 08/24/2016) |
| 08/26/2016 | 148 | TRANSCRIPT of Restitution Hearing as to Michael Edwin Harding held on 8.24.16 before Judge Robin L. Rosenberg, 1-49 pages, Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/19/2016. Redacted Transcript Deadline set for 9/29/2016. Release of Transcript Restriction set for 11/28/2016. (ps) (Entered: 08/26/2016) |
| 08/30/2016 | 149 | TRANSCRIPT INFORMATION FORM as to Michael Edwin Harding re 117 Notice of Appeal - Final Judgment, filed by Michael Edwin Harding. Restitution Hearing transcript(s) ordered. Order placed by Fletcher Peacock. Email sent to Court Reporter Coordinator. (Peacock, Fletcher) (Entered: 08/30/2016) |
| 08/30/2016 | 150 | COURT REPORTER ACKNOWLEDGMENT as to Michael Edwin Harding re 117 Notice of Appeal - Final Judgment, 149 Transcript Information Form, Transcript on file. Court Reporter: Pauline Stipes, 561-803-3434 / Pauline_Stipes@flsd.uscourts.gov. (ps) (Entered: 08/30/2016) |
| 08/30/2016 | 151 | STIPULATED RESTITUTION ORDER as to Michael Edwin Harding. Signed by Judge Robin L. Rosenberg on 8/30/2016. (lw1) (Entered: 08/30/2016) |
| 11/30/2016 | 152 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Southern District of Florida certifies that the record is complete for purposes of this appeal re: 117 Notice of Appeal - Final Judgment, Appeal No. 16-13617-GG. The entire record on appeal is available electronically. (hh) (Entered: 11/30/2016) |

Copyright © 2017 LexisNexis CourtLink, Inc. All rights reserved.
*** THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY ***

DE 85

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-14057-CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA

     v.

MICHAEL EDWIN HARDING,

     Defendant.

_____/

**GOVERNMENT'S OBJECTIONS AND PROPOSED ADDITIONS TO PRESENTENCE INVESTIGATION REPORT**

COMES NOW, the United States of America, by and through the undersigned Assistant United States Attorney, and respectfully requests that the following facts be considered at sentencing:

1. Data from the PNY thumb drive reflects that child pornography was saved to the drive as early as March 6, 2008.

2. The defendant used means to conceal his identity and prevent the detection of his criminal behavior. He used pseudonyms for his Kik and Skype accounts. Additionally, the PNY USB drive contained a stand-alone Tor (The Onion Router) browser. The website torproject.org describes the browser as follows: The Tor software protects you by bouncing your communications around a distributed network of relays run by volunteers all around the world: it prevents somebody watching your Internet connection from learning what sites you visit, it prevents the sites you visit from learning your physical location, and it lets you access sites which are blocked. The Tor Browser lets you use Tor on Windows, Mac OS X, or Linux without needing to install any software. It can run off

a USB flash drive, comes with a pre-configured web browser to protect your anonymity, and is self-contained (portable).

3.  An analysis of the defendant's work records, computer data, and cell tower records, indicate that the defendant distributed child pornography while he was on duty working as a law enforcement officer.

4.  Any summary of the chats and text messages between the defendant and other people would be insufficient to adequately inform the Court about the nature and circumstances of the offenses.  The government will file a sealed exhibit containing copies of the chat messages retrieved from the defendant's electronic devices, in which he texted or communicated on the internet with other people.

5.  The images of child pornography found in the defendant's possession were sent to The National Center for Missing and Exploited Children (NCMEC).  Within the images examined, NCMEC located 94 previously identified series of child pornography.  There were at least 94 different children depicted in the pornographic videos and still images in the defendant's possession.  NCMEC records indicate that the child pornography was produced in at least 20 different countries.

6.  DNA analysis concluded that victim C.W. was the source of the DNA located on the tip of the pink plug (sex toy), that was located alongside the PNY thumb drive, within a gun case, in the defendant's bedroom.

7.  During the sentencing hearing, the government will be prepared to show the Court the still images and videos that came from the evidence supporting each count in the Second Superseding Indictment.

2

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY


By:   /s/Daniel E. Funk
      DANIEL E. FUNK
      Assistant United States Attorney
      United States Attorney's Office
      101 South U.S. Highway 1, Suite 3100
      Fort Pierce, FL 34950
      305-905-7509
      daniel.funk@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic filing on April 22, 2016, on Defendant's counsel of record on the Service List below.

      /s/Daniel E. Funk
      DANIEL E. FUNK
      Assistant United States Attorney


## SERVICE LIST

| | |
|---|---|
| Daniel E. Funk | Fletcher Peacock |
| Assistant U.S. Attorney | Assistant Federal Public Defender |
| 101 South US Highway 1 Suite 3100 | 109 North Second Street |
| Ft. Pierce, FL  34950 | Fort Pierce, Florida 34950 |
| 305-905-7509 | Tel: 772-489-2123 |
| daniel.funk@usdoj.gov | Fletcher_Peacock@fd.org |
| Attorney for United States | Attorney for Michael Harding |

3

DE 86

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14057-CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

MICHAEL EDWIN HARDING,

      Defendant.

_____/

## **DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**

The defendant Michael Harding, through counsel files the following objections:

1)    In regard to paragraph 12, 13, 14, 15, 16, 17, 18, 19 and 20, Mr. Harding denies engaging in sexual contact or conduct with a minor.

2)    Mr. Harding objects to the enhancement in paragraph 31 for a pattern of activity involving the sexual abuse or exploitation of a minor.

3)    Mr. Harding objects to the allegations and enhancements in paragraphs 38, 39, 40 and 41.

4)    Mr. Harding objects to the allegations and enhancements in paragraphs 46, 47, 48 and 49.

5)    Mr. Harding objects to the enhancement in paragraph 58.  Mr. Harding denies that he engaged in a pattern of prohibited sexual conduct.

6)      Mr. Harding objects to the grouping in paragraph 54.  Each group includes enhancements for conduct that was included as a specific offense characteristic in another group.  As such, they are "closely related" and should be grouped together.  U.S.S.G. § 3D1.2.

7)      Mr. Harding denies the charges and allegations in paragraph 66 (St. Lucie Cnty. Case No. 15-CF-2947).


                              Respectfully submitted,

                              MICHAEL CARUSO
                              FEDERAL PUBLIC DEFENDER

                   By:    _s/Fletcher Peacock_____
                              Fletcher Peacock
                              Assistant Federal Public Defender
                              Florida Bar No. 441996
                              109 North Second Street
                              Fort Pierce, Florida 34950
                              Tel:  772-489-2123
                              Fax: 772-489-3997
                              E-Mail: Fletcher_Peacock@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on April 26, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: _s/Fletcher Peacock_, AFPD
Fletcher Peacock

## SERVICE LIST

**UNITED STATES v. MICHAEL EDWIN HARDING**
**Case No. 15-14057-CR-ROSENBERG/LYNCH**
**United States District Court, Southern District of Florida**


**Fletcher Peacock**
**Fletcher_Peacock@fd.org**
**Assistant Federal Public Defender**
109 North Second Street
Fort Pierce, FL 34950
Tel: 772-489-2123
Fax: 772-489-3997
Attorney for Michael Edwin Harding
Notices of Electronic Filing


**Daniel E. Funk**
**daniel.funk@usdoj.gov**
**Assistant United States Attorney**
United States Attorney's Office
101 South U.S. Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel:  305-905-7509
Fax: 772-595-3606
Notice of Electronic Filing

DE 88

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-14057-CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

MICHAEL EDWIN HARDING,

      Defendant.

_____/

## NOTICE OF FILING

Defendant, Michael Edwin Harding, through undersigned counsel, hereby files the attached letters for the Court's consideration at his sentencing hearing.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By:    *s/Fletcher Peacock*_____
       Fletcher Peacock
       Assistant Federal Public Defender
       Florida Bar No. 441996
       109 North Second Street
       Fort Pierce, Florida 34950
       Tel: 772-489-2123
       Fax: 772-489-3997
       E-Mail: Fletcher_Peacock@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on May 9, 2016, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the

foregoing document is being served this day on all counsel of record or *pro se* parties

identified on the attached Service List in the manner specified, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some other

authorized manner for those counsel or parties who are not authorized to receive

electronically Notices of Electronic Filing.


By:  *s/Fletcher Peacock*, AFPD
     Fletcher Peacock

## SERVICE LIST

**UNITED STATES v. MICHAEL EDWIN HARDING**
**Case No. 15-14057-CR-ROSENBERG/LYNCH**
**United States District Court, Southern District of Florida**


**Fletcher Peacock**
**Fletcher_Peacock@fd.org**
**Assistant Federal Public Defender**
109 North Second Street
Fort Pierce, FL 34950
Tel: 772-489-2123
Fax: 772-489-3997
Attorney for Michael Edwin Harding
Notices of Electronic Filing


**Daniel E. Funk**
**daniel.funk@usdoj.gov**
**Assistant United States Attorney**
United States Attorney's Office
101 South U.S. Hwy 1, Suite 3100
Fort Pierce, Florida 34950
Tel:  305-905-7509
Fax: 772-595-3606
Notice of Electronic Filing

April 28, 2016


To The Honorable Judge Robin Rosenberg of the District Court,


My name is Julie Anne Harding mother of Michael Edwin Harding, I'm writing this letter to give you some insight on my son.  I was a young single mother, his father was murdered when I was 6 months pregnant. Michael is my only child. I didn't have much support from my family and I struggled raising my son and myself. I worked full time at day jobs and bartending on weekends.  I battled demons for many, many years with alcohol and drug abuse on most weekends.  This letter is so very difficult for me to write as I feel terribly guilty that I wasn't 100 percent there for my son when he needed me most , when he was growing up. He at times was my caregiver, my strength to carry on.  He has always been my rock.

Michael is the best son a mother could ask for, so polite, well mannered, helpful and kind.  Every one of his teachers constantly praised him and that was throughout his entire time in school. He went to magnet  school's  and flourished, he is a beautiful artist , guitar player and what a lovely singing voice he has!

I always had him in organized sports, Ti Kwan Do, baseball – he went all the way to state!, football, tennis and softball.  Michael had never been in trouble, not once in his life.  He is such an amazing young man.

Since I was missing on most weekends I left him with various friends with children, thinking he was safe. I recently found out that he was molested when he was a child.  I found this out thru Michaels ex-girlfriend, his first girlfriend that he had when we moved to Fort Pierce.  He told her he was suicidal over the abuse that occurred when he was little. I had absolutely no idea about any of this and I failed to protect my child. I'm beside myself with grief that my beloved son was hurt.

 When we lived in Hollywood, I was in the Jaycees and Michael and I did a lot of community work, helping with Special Olympics, feeding the less fortunate , ect.. Also we delivered food for "Meals for pets" which was feeding the pets of those who received Meals on wheels. He was always involved with helping others.

Despite the obstacles in his life, Michael always stayed on the right path. I moved him to Fort Pierce when his Grandpa passed away.  I didn't want my mother to be alone as we are her only children.  I uprooted Michael from all he knew in the last year of high school, which was difficult for him. But he found his way and received his GED at IRSC and enrolled in the Fast Track program which he received his Associate in Science Degree as well as graduating from the Police Academy. IRSC asked Michael to deliver the 2010/2011 Commencement speech for the graduating class of Adult education as well as making a video for the college. Both were beautifully done. At the time of his arrest he was almost finished with his bachelor's degree. He loves to learn and he had the world at his fingertips.  I am so proud of my son.

He was hired at Fort Pierce Police when he was just 20 yrs. old. What an accomplishment! He has seen things that many people couldn't handle. He took his job very seriously, was an outstanding officer who took pride in his work. He received many awards for his dedication to Law Enforcement.

Michael recently married a woman who has 2 daughters from a previous marriage, he took on great responsibility raising someone else's children and providing financially for all of them. Michael worked his regular shifts as well as details, many times the same day. He is a hard working family man. He was around 23 yrs. old at the time they got together. He loves his family very much and they equally love him. They were all so happy. He recently bought his first home and a new vehicle, he worked so very hard to provide the best life possible for his family.

On March 11, 2015 Michael and his wife had their own daughter, Gwenivere Scout Harding. ( "Scout" is from To Kill A Mockingbird) She was born with a rare heart defect and had heart surgery at 1 month old. It took a toll on both parents as they almost lost her. I have not been permitted to see Gwenivere or know anything about her since the day of my son's arrest. I pray she is healthy and well cared for.

For the past 3 yrs. up until the day Michael was arrested he was taking Clomid which is a Low Testosterone medication/treatment which is not approved by the FDA for males. It somehow tricks the brain in making testosterone. He also was taking anti-anxiety/depression meds.

I'm so proud to call Michael my son, he is kind, honest, fair, and compassionate, I can go on forever, I just adore him and so do those who know him. None of us understand why he did what he did on the internet. Michael is extremely remorseful for his actions. It's not in his character to do such a thing. He knows he must be punished for his crime. I've come to terms with it as well. I'm asking you to find it in your heart to give my son a fair sentence, in a low security facility. Michael is a non-violent person and would not fare well amongst hardened criminals. He will be a target as he is a former police officer. Please ask BOP to house my son in a facility that provides counseling, education and safety. Please provide him all the resources available for reentry to society.

Michael has lost everything, his wife, step daughters, the joy of being a part of Gweniveres life. He lost *freedom, his job, and friends. These past 8 months in solitary confinement have been horrible. My heart* is broken for my son. I can guarantee he will not be a repeat offender.

Michael has so much to offer this world, we know when he comes home he cannot be a police officer again. He will find pride and happiness in a new career, a new life. I'm looking forward to that day. It's what I live for now.

Thank you for taking the time to read my letter.

Sincerely,

Julie Harding



Dear Mr. Peacock - a letter for Judge Robin Rosenberg
elizabethperrysf@aol.com
to:
fletcher_peacock
05/03/2016 06:06 PM
Cc:
chicknlittle863, jutorresoto
Hide Details
From: "elizabethperrysf@aol.com" <elizabethperrysf@aol.com>
To: fletcher_peacock@fd.org
Cc: chicknlittle863@aol.com, jutorresoto@gmail.com
Security:
To ensure privacy, images from remote sites were prevented from downloading. Show
Images

Elizabeth Perry

Elizabeth Perry

| 7448 North West 17th Drive, Pembroke Pines, Florida 33024 | v | (954) 966-8656 |
|---|---|---|
| E-mail:Elizabethperrysf@aol.com | v | elizabethperryarts.com |
| 954 966-8656 | | cell: 954 649-1350 |

May 3, 2016

Dear Mr. Peacock,
Would you please pass this on to the Honorable Judge Robin Rosenberg? I'd appreciate it so much.
Thank you, Elizabeth Perry

Dear Judge Rosenberg,

I am writing on behalf of Michael E. Harding whose sentencing is scheduled for May 16th 2016 in Fort
Pierce. He is my grandnephew. Here is a little bit about him:

Michael's father was killed on the streets of Queens when his young mother was six months pregnant
and life didn't get much easier from that point on. Despite difficulties of many kinds growing up, he
was able to get a two year college degree, graduate from law enforcement academy, marry, buy a home,
continue his on line education, and also be helpful and loving toward his family.

I don't ask that you alter whatever your judgement may be, but I am asking that in sentencing him, you
can consider the areas of rehabilitation that can be made available to him. I am sure he needs help and
I'm aware of the difficulties of finding it within the prison system. I know he has been working
diligently on himself while he has been isolated from all that formerly comprised his life, and needs help
to continue that process.

I thank you for your consideration.

Sincerely,

Elizabeth Perry

www.elizabethperryarts.com
Creator of "Sun Flower"
 The Life and Loves of Elizabeth Cady Stanton
954-966-8656

## _Judit Sohr~754-423-1512~Hollywood, Florida_

*April 29, 2016*

**Judge Robin L. Rosenberg**
Alto Lee Adams, Sr. United States Courthouse
101 South U.S. Highway One, Courtroom 4008
Fort Pierce, FL 34950

Dear Honorable Judge Rosenberg:

I am writing this letter on behalf of Michael Edwin Harding, who you will be sentencing on May 16, 2016.  As the Program Supervisor of a social services agency that helps and houses clients who have exhibited extremely concerning behaviors, I can directly say, **a whole person is not always who it says they are on paper**.  At our agency we have to interview clients who on paper, have committed crimes, have mental health disturbances and offenses against others.  If we only look at the written description of a person, we would never admit them to our program, and they may never get the help and healing that they need.  Once we interview them and discover there is MUCH more to that person than what was read about them, we gain a better understanding of who they **really** are.  I have known Michael for his whole life.  I am not saying the charges, are not egregious. He plead guilty, which, says SO much.  Accepting responsibility is VITAL in a person's recovery, and he has done that.  My husband and I have grown very close to Michael in the last several months, through our correspondence, phone calls and visits with him; we have gotten to know his heart.  He is considerate, kind, smart, sweet and insightful. He is also broken, remorseful and hurting. He does not deny his current incarceration is warranted, Rather than express concern for HIMSELF; his concern is for his mother, family and his other supporters.  The fact that Michael even has supporters may be surprising given the circumstances. That should speak **VOLUMES** to the person that he REALLY is, and not what the list of crimes say he is on paper.   He is already being punished as he has lost everything in life, and will be "punished" for the rest of his life, even after incarceration, since most people look at the "paper person" and not the whole healed person.

Your Honor, we PLEAD that you give the least sentence possible, or even consider release, so he can come home and get the help that he needs, surrounded by those who love him dearly, and who will ensure he receives that help and becomes a productive member of society again. He has a strong accountability and support system.  We are imploring the court for a speedy release.   By the Grace of God, you have an opportunity to give a person who has never been in trouble a day in his life, the ability to receive the gift of life back; a second chance. We are praying for you and this situation. **A person is not always who it says they are "on paper"** and Michael is a perfect example of this.

Sincerely,

Judit Sohr

**From:** Krystina Slein <krystina.slein@yahoo.com>
**To:** winkinggreeni <winkinggreeni@aol.com>
**Subject:** Character letter for Michael
**Date:** Mon, Mar 28, 2016 10:34 pm

March. 28th, 2016

To Judge Robin L. Rosenberg:

   This letter is in regard to your defendant Michael Edwin Harding. My name is Krystina Slein and
I have known Michael since he was 17 years old, He was my first boyfriend and my best friend for
close to four years. I'd like to say at that time I knew him better than anyone. What always stuck
out to me most about him was his intelligence and caring nature. He did anything and everything
he could to make me happy. He made me laugh like noone else. I remember how much I loved
seeing him smile. We shared a lot of common interests and had a very strong bond. When I met
him he was struggling with depression and often spoke of feeling unhappy with himself. I shared
this with him and we were there for one another. He told me things about his past that I am not
sure he shared with anyone else. He had a lot of pain and heartache. I tried to be there for him and
he was always there for me. I struggled with bulimia and he was the only person who knew. I
hated myself but Michael always made me feel beautiful and important. He helped me through so
much and I will forever be grateful for that, I was with him when he decided to become a police
officer. He was so determined and proud. I wanted him to achieve great things because I believed
in him. In 2009 Michael and I ended things completely. We were young and had grown apart.
We've briefly spoken over the years but out of respect I kept my distance. I am aware of Michael's
current situation.
When I read about what Michael is being charged with all I could think was, "That is not the
Michael I knew."  My view on this has nothing to do with him being a police officer but as my
friend. It is coming from me knowing him as well as I did. I'm not sure I will ever be able to
understand all of this. I do know that deep down Michael is a good person. Michael shared a lot
with me in the past and as stated before there are things that I am not sure anyone else knows
about. I know that there is a reason for all of this and I hope that he is able to get psychological
help while he is serving his time. I ask that you keep in mind that he is his mothers only child. He is
her world and I could not even begin to imagine if I was in her position right now. He just had his
first child last year who she is not allowed to see because of this. I want her to be able to see her
boy again outside of a prison. Please give him the help that he needs. There is a lot more to
Michael. He is a human being who has been through things that need to be addressed. This
behavior doesn't just happen out of nowhere it is caused by something else. Michael was my first
love and I will forever have a place for him in my heart no matter what. My heart breaks for his
family at this time. I'm asking that you give him the minimum sentence and help that he needs.

                                                        Thank you for your time,
                                                        Krystina M. Slein
                                                        706 Grand Canyon Dr.
                                                        Valrico,FL 33594
                                                        (813)506-3925

### _Michael Richard Sohr, Hollywood, Florida 954-588-4109_

April 10, 2016

RE: Michael Edwin Harding

Dear Judge Rosenberg,

I want to thank you for taking the time to read this letter. First, I would like to tell you a little about myself. I used to be an alcoholic. I could not function without a drink in my hand. In fact, shamefully I admit I would bring alcoholic beverages to work and almost everywhere else I would go. Twenty six years ago I gave my life to Jesus Christ and the very next day He FREED me of that particular disease. I have been clean and sober ever since with no desire or thought to have another drink.

We do not know what would cause an otherwise upstanding member of the community with a family and promising career in law enforcement, to make such a dreadful decision. However, just as God healed me of my past experiences so I don't return to alcohol, God will do the same with Michael. Since Michael has been incarcerated, he has professed to trust Jesus Christ with his life and has exhibited an intense desire to live a Godly life. He will have a strong support system to assist him with this new direction for his life.

Michael has acknowledged his guilt and expresses remorse and feelings of grief for what he has done.  Because of the nature of that choice, he has had to endure the punishment of living in isolation the last several months. Not to mention, society will ensure Michael continues to pay for his decision for the rest of his life, whether he is incarcerated or not.

You have an opportunity to be a participant in the restoration of a young man's life, not by keeping him behind bars with no hope of healing, rather, by providing the freedom he needs in order to pursue the resources available to bring about that restoration.

Again, I wholeheartedly thank you for taking the time to read this letter.

Sincerely,

Michael Sohr

To whom it may concern,


      I am writing on behalf of Michael Harding as a character reference. I was Michael's baseball coach at Pasadena Lakes optimist when Michael was around 12 years old. He was a pleasant kid and he was very respectful. I coached him for a couple seasons and he was very cooperative and he was a team player. He never had any problems with any of the other players and I knew that where ever I put him in to play, he would give it his all. After him and his mother moved away I lost contact with them and him but then through social media some years later I learned he had become a police officer and I wasn't surprised of the news.  I learned of the birth of his daughter and I visited him and his family at the hospital. I was very happy for him when I learned his daughter had a successful open heart surgery.


      This is the Michael I know so I will reserve judgment on anything else that may have taken place in his life.



Sincerely,

Duke Stefanu

**From:** Sue Ann <sueannpestano@yahoo.com>
**To:** winkinggreeni <winkinggreeni@aol.com>
**Subject:** Character Letter
**Date:** Mon, Oct 5, 2015 12:05 pm

I have known Julie Harding since I was 15 years old as we met in high school. At 20 years old she had Michael. She was a single mom due to the fact that Michaels father was killed. Michael never got a chance to meet his father. It was a rough journey for her not having much family support but she loved her son and although it was a struggle, she pulled through. Michael was a quiet kid. He was a good kid and went through the normal adolescent years. He grew up with my niece in their early years as they were close in age. Michael never portrayed anything out of the ordinary just the normal childhood challenges that parents endure. I haven't been around Michael in years but he grew up and wanted to be a police officer and he did. Everyone was so proud of him. He received commendations and police officer of the year. He has always been a wonderful person so I was absolutely shocked to learn that he was involved in the charges against him. I hope that he is given the help he needs to overcome this. I still cannot believe these charges are true of Michael. Putting him in jail will not help him with the issue. I hope he receives the necessary treatment he deserves for he is still the Michael we all know and love.

Sincerely,

Sue Ann Pestano

Re: Michael Harding

To whom it may concern,

I would like to tell you what I know about Michael and his family.

Michael's father was fatally shot while Michael was still in the womb.  Despite the tragic loss, Michael's mother provided a stable life, and afforded him every opportunity within her reach. Michael was a quiet and mostly reserved child, but seemed to thrive in his mother's devoted and loving care.

My own family experienced very similar circumstances. My father was killed while my mother was pregnant with my brother. In addition to premature birth, learning difficulties, and rage, my brother has never been "right."  Studies show that severe stress while in the womb can negatively affect the child's entire life, and has been linked to higher incidences of mental illness.

As a survivor of childhood sexual trauma, and founder of programs that support others in overcoming, I do not take defending such allegations lightly. Family member, friend, or stranger – a convicted pedophile must be punished; however I do not believe treating everyone placed  in this category the same without further exploration of potential causal factors. I believe there are malicious people in this world who intend to do harm. Michael Harding, in my opinion, is not one of those people.

I have known Michael's heart since he was a child and I truly believe he had every intention of doing good in this world. If the allegations against him prove to be true, I implore you consider his circumstances. I ask this not to excuse or dismiss any behavior deemed immoral or illegal, but to avoid him being caught up in a system of intentional offenders, when perhaps he would benefit from a more holistic approach.

Sincerely,

Mary-Jo Jennings

Ph# 954. 249. 7713

Your Honorable Judge,

I am writing with regards to Michael Harding. I have known Michael since the age of 8. As a young boy Michael was always polite, caring, respectful and a studious young boy. He excelled in school & sports and we frequently attended his baseball games. His Mother Julie Harding was employed at CrossCheck Services, Inc., a Human Resources Consulting firm which I was the Owner/Managing Partner. Our office was located in Hollywood, FL and Michael would come to the office after school along with my daughter Raeah who is the same age as Michael. My role as Owner/Managing Partner involved that I was visiting client companies, new sales and daily on the road throughout South Florida. Julie was the Office Manager and was responsible for the daily operations of the business.

As Julie was a single Mother, my husband and I would frequently include Michael as part of our family while attending Marlins, Dolphins or University of Miami football games. We are a big "sporting" family and my husband Paul coached our daughter's softball teams and would include Michael when going to the batting cages. They were both involved in league sports at Hollywood Rotary Park. We watched Michael grow into a conscientious trustworthy young man.

Julie and Michael moved to Ft. Pierce after her Stepfather had died so she could be closer to her Mother. Michael was very close to his Grandma & Grandpa and would enjoy traveling with them during his school breaks on family vacations. My husband and I attended Michael & Ashley's wedding and they used our Hollywood home while their baby girl was in the hospital having open heart surgery at Joe Dimaggio Childrens hospital in Hollywood, FL. We live very close to the hospital and all family members having traveled from Ft. Pierce for the surgery/recovery could walk to the hospital from our house and opened our home for them to stay.       Michael is a wonderful husband & Father.

My daughter Raeah and I were watching TV and saw Michael Harding on the news. We looked at each other, rewound the segment and said this is NOT Michael Harding. The story is just so unbelievable and we can't comprehend what happened to this young man that we know and love. He could not have been involved in the alleged accusations of child pornography.    I told his Mother Julie, the truth will come out and he will somehow be exonerated. He is an excellent police officer and loved providing for his wife and daughters. They have large medical bills from their daughters open heart surgery and this family needs him. We pray for the family daily for strength and ask you provide mercy and leniency on Michael's behalf.

Sincerely,

Ellen Braunschweiger

3437 Buchanan Street

Hollywood, FL  33021

Sept, 26 2015

To whom it may concern,

Kathleen and I have known Micheal all his life. We saw him grow into a responsible young man along with our grandchildren. Michael, our children and grandchildren have always kept in touch and got together at many family gatherings and they are now completely shocked at the charges against him. Michael and Ashley stopped in about two weeks ago to show us how their new baby girl was doing. They certainly seemed the perfect family that any one would be proud of.

We are saddened by the events of the past week and going forward will support him in any way we can.

Sincerly,

*George Olsen*

*Kathleen Olsen*

Sep 29 15 10:36a KEN ERICKSON

Case 2:15-cr-14057-RLR Document 88-1 Entered on FLSD Docket 05/09/2016 Page 13 of 21
USCA11 Case: 16-13617 Document: 36 Date Filed: 01/23/2017 Page: 40 of 70

R. Fletcher Peacock Attorney At Law                                9/29/15

RE: Michael Harding

Sir,

We have known Michael Harding for about 10 years. He has always exhibited dedication to family and friends. His accomplishment as a police officer has been to the highest standard. He was awarded officer of the year in the past.

We are writing this in disbelief of what has transpired regarding Michael. We got to know Michael through our close friend Judy Duffy, his Grandmother..Michael has been to our home on many occasions and has attended functions at our club house with his family.

We feel this should be taken into consideration for what he faces now.

Thank you for representing Michael in this matter

Patricia Simpson and Kenneth Erickson

To Whom It May Concern;

It was a proud moment to see Michael receive his Associate Degree from IRSC in 2008. This enabled him to pursue a career in the police department.

After joining the Ft. Pierce Police Department, he received the accommodation of "Officer of the Year." At this time he had only been with the department for about 3 years.

He transferred to the St. Lucie Police Department for patrol duty. He settled in Port St. Lucie to raise his family.

It is my sincere hope that Michael Harling will receive the support he needs.

Most Sincerely,
Karen Jordan

**Tanya Settel**

**954-374-5409**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

04/06/16

Re: Michael E. Harding

Dear Honorable Judge Rosenberg:

Everyday you make decisions that will alter the lives of many.  I'm sure it is a great burden. My name is Tanya Settel and I am a long time friend of Julie Harding, Michael's mom. When Michael was a child, I spent time with him and his mother and he was always an amazing young man. He was polite, respectful, smart and always willing to help others, even at a young age. This has not changed.

I have been a court reporter for Miami-Dade County for many years. You and I have heard things that most people would never want to hear about. Michael is **NOT** in this category of deviant criminals.  Having heard and seen many horrible things in the criminal justice system I can say with 100% certainty, **Michael DOES NOT BELONG IN PRISON**.  **He is not a risk to the public.**

I am writing this letter in the hopes that when you sentence Michael, you will allow him to be released to his family, with time served.  Your honor please, Michael truly is a kind man and will get the help he needs with the full support of his family and friends when he returns home. This letter is to plead for mercy from the court that Michael be permitted to be released to the care of his family or at least receive the absolute minimum sentence you are able to hand down.  Thank you for taking the time to read this correspondence.

Sincerely,

Tanya Settel



# Police officer featured in state publication

**By Jay Meisel**
Meisel@hometownnewsol.com

FORT PIERCE — As a role model for adult education, Fort Pierce Police Officer Michael Harding could help others realize its importance.

Officer Harding was recently featured in a publication called "Sunshine Success Stories," which was published by Adult & Community Educators of Florida. The association, based in Tallahassee, provides professional development programs to teachers, administrators and literacy programs.



Harding

He was highlighted as someone who dropped out of high school, but through adult education, was able to develop a career.

Anthony Iacono, associate dean of developmental education at Indian River State College, nominated Mr. Harding for the recognition.

"He is an outstanding representative of what we strive to do every day in adult high school and GED programs — that is, to enable each student to find a career pathway that will enable him or her to enter and complete one of our postsecondary programs and become economically self-sufficient," Mr. Iacono wrote.

Recognition of achievement is not the only reason why the adult education graduates were spotlighted, said Valorie Boyd, executive director of Adult & Community Educators.

The association is hoping by spotlighting successful former students, it will help "policymakers

*See* **OFFICER, A7**

## Officer

From page A1

understand the importance of adult education, she said.

Legislators hopefully will understand the importance of providing funding, she said.

Many of those spotlighted, including Officer Harding, completed an adult education program and continued their education.

In Officer Harding's case, he attended the law enforcement academy and became a police officer.

Officer Harding, who grew up in Broward County, said his family moved to St. Lucie County and he attended Port St. Lucie High School.

He said he became bored at school and started skipping classes and playing video games.

Because of that, he didn't graduate.

But after becoming bored with playing video games, he entered the adult education program at IRSC, he said.

It was recommended that he continue his education to become a police officer, he said.

Officer Harding said he was interested in that because he has several relatives in Miami-Dade County who worked in law enforcement.

"It's sort of a family thing," he said.

Police Chief Sean Baldwin said Officer Harding is "absolutely" a success story at the department.

"We get our best officers from the community and he's an example of that," he said.

Officer Harding said some perceive those who go through adult education end up "flipping burgers."

He's an example of many who don't fit that perception, he said.

"By being recognized," he said, "hopefully, I can inspire someone else."

# SUCCESSSTORIES
## Adult Education Students



**Belinda Howell**
Region 1



**Tevor Leininger**
Region 1



**Felicia Watson**
Region 2



**Gloria Ivines**
Region 2



**Erick Vasquez**
Region 3



**Michael Harding**
Region 3



**Benjamin Wiggins**
Region 3



**Clara George**
Region 4



**Mackenly Abraham**
Region 4



**Magda Erira**
Region 5



**Verlin Silencieux**
Region 5



**Yanami Ferrer**
Region 5



## Region 3 - *St. Lucie County*

# Michael Harding

**School District, State College or Community-Based Organization:**
Indian River State College

**Program/Level Class Enrolled in:**
Adult Education and Associate in Science Degree programs

**Years of attendance:** three years

**Goals met by nominee:**
He finished his high school requirements, transitioned into a postsecondary program, earned his Associate in Science degree including the completion of the Police Academy and has begun his career as a police officer.

**Why this student deserves recognition:** Harding's story is representative of some 340,000 reasons that adult education programs need to be continued in the state of Florida.

**Nominated by:** Dr. Anthony Iacono, Associate Dean of Developmental Education, Indian River State College

Although he is only 22 years old, Michael Harding has already found his pathway, completed his high school education, made the transition into postsecondary education and graduated, and has begun his career. He is one of our most impressive recent Indian River State College Adult Education graduates, and his story deserves to be told.

Losing his father shortly before he was born in Hollywood, Florida, Michael grew us as an only child in a single parent household with the support of his maternal grandfather who became the father figure in his life. He attended several elementary and middle magnet schools in south Florida prior to his family's northward relocation to Port St. Lucie. This move was prompted by the terminal condition of his grandfather who soon afterward succumbed to pancreatic cancer.

Transferring to a new high school in a different area as a junior was overwhelming for Michael. The one class that he especially enjoyed was law studies. However, this particular class alone could not sustain Michael's interest long enough for him to complete his education at this traditional high school. He dropped out. After becoming bored with watching television and playing video games, Michael made the decision to enter the Adult Education program at Indian River State College. Following a great deal of hard work and preparation, Michael completed his high school education during the summer of 2006.

With the assistance of a facilitator, Michael was able to determine his long-term interests and focus on a career. His childhood desire to become a police officer, the influence of various family members who were involved in law enforcement and the spark that was ignited by the law studies class in a local high school combined to motivate Michael to enter the two-year law enforcement track program which enabled him to earn an Associate of Science degree with a major in criminal justice and complete the police academy. During the six month academy phase, Michael met a local police officer who allowed him to do several civilian ride-alongs during which he was afforded the opportunity to see first-hand what a police officer does on a daily basis.

Michael completed his Associate of Science degree as well as the police academy, passed the state of Florida Law Enforcement examination, became certified to be a law enforcement officer anywhere in the state, and was hired by the Fort Pierce Police Department in 2008. He is still employed there as a road patrol officer.

Michael Harding was our speaker for the annual Adult Education Department graduation Ceremony which was held May 18, 2010. He is an outstanding representative of what we strive to do every day in the Adult High School and GED programs – that is, to enable each student to find a career pathway that will enable him or her to enter and complete one of our postsecondary programs and become economically self-sufficient.

*"Search for a career that makes you happy. I can't stress [strongly enough] the importance of enjoying what you do for a living."*

Document 30 Filed 01/23/2017   Page 47 of 70

2012

*St. Lucie County Sheriff's Office Guide*



Photo courtesy of St. Lucie County Sheriff's Office

Hundred Club of St. Lucie County honorees for 2012 and emergency services executives (front row, left to right): St. Lucie County Firefighter-Engineer Donald Stefani, Port St. Lucie Police Officer John Fazio, St. Lucie County Sheriff's Detective Angela Flowers, Fort Pierce Police Officer Michael Harding, Department of Law Enforcement Special Agent Eric Jester and Florida Highway Patrol Lt. Harry Coker. Back row, left to right: St. Lucie County Fire Chief Ronald Parrish, former Port St. Lucie Police Chief Brian E. Reuther, St. Lucie County Sheriff Ken J. Mascara, Fort Pierce Police Chief R. Sean Baldwin and Florida Department of Law Enforcement Fort Pierce Field Office Resident Agent in Charge Richard J. Piccininni.

# Group aids law enforcement spouses, dependants

The idea of the Hundred Club was born in 1950 in Detroit. Law officers and firefighters had been on full alert dealing with social unrest that led to numerous casualties.

In 1950, Detroit auto dealer Bill Packer found a way to assist a police widow. He wrote to 100 friends and associates, asking for $100 each. They responded overwhelmingly, and as a result, the first of the Hundred Clubs was born. Today there are more than 800 members in that Detroit area club and there are clubs like it all over the country.

Here in St. Lucie County, the Hundred Club was formed in 1987 by a group of concerned citizens consisting of Jim Russakis, then-Sheriff R.C. "Bobby" Knowles, Vernon Smith, Al Brown and then-Fort Pierce Mayor William Dannahower. The group started a fund to prepare for the future.

The purpose of the Hundred Club is to provide direct financial help for

spouses and dependents of law enforcement officers, corrections officers, firefighters and other first responders who have lost their lives or become disabled in the line of duty. The Hundred Club makes sure these brave public servants know that they are not alone in their time of need.

In the event of an officer's sudden death, the Hundred Club contacts the family to make funds available if needed right away. This initial payment is to provide immediate relief from tension, confusion and panic regarding money matters.

Later, members of the standing committee who are responsible for financial assistance will review the financial needs of the family and meet with them. Then the committee makes the appropriate disbursement.

The Hundred Club honors outstanding emergency services officers at an annual banquet in May. The event serves as a fundraiser for the Hundred Club.

The following organizations are covered by the Hundred Club:
St. Lucie County Sheriff's Office
St. Lucie County Fire District
Fort Pierce Police Department
Port St. Lucie Police Department
Florida Highway Patrol (St. Lucie County)
St. Lucie Village Marshal
Florida Department of Law Enforcement (St. Lucie County)
State Attorney, 19th Judicial District
FBI (St. Lucie County)
U.S. Coast Guard (St. Lucie County)
U.S. Customs (St. Lucie County)
U.S. Drug Enforcement Administration (St. Lucie County)
State of Florida Forestry (St. Lucie County)
Florida Department of Natural Resources: Florida Marine Patrol & Park Rangers (St. Lucie County)
Florida Fish and Wildlife Conservation Commission (St. Lucie County)

Internal Revenue Service (St. Lucie County)

Participation in the Hundred Club enables members of our community to honor our peace officers and to proudly say to each of them, "You are not alone."

The Hundred Club of St. Lucie County membership fees and benefits are:
• Life membership: $1,500 (one ticket to annual meeting/banquet).
• Corporate membership $250 (two tickets to annual meeting/banquet).
• Individual membership $100 (one ticket to annual meeting/banquet).
• Law enforcement/firefighter membership $50 (one ticket to annual meeting/banquet).

*Help us provide for families of officers who are seriously injured or killed in the line of duty by joining the Hundred Club of St. Lucie County. For more information, please call (772) 462-3205.*

2008

michael Edwin Harding



DE 96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 15-14057-CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA,
　　　　　　　Plaintiff,

　　v.

MICHAEL EDWIN HARDING,
　　　　　　　Defendant.

## GOVERNMENT'S SENTENCING MEMORANDUM IN SUPPORT OF A LIFE SENTENCE

The United States of America, through its undersigned Assistant United States Attorneys, for the reasons stated below, request that this Court sentence the Defendant to a term of life in prison.

## INTRODUCTION

What is justice?  Justice is often used interchangeably with the word "fairness."  In the sentencing context it means to provide just punishment for the offense.  Sentencing Guidelines aside, this Court must ask itself – "What is a just or fair sentence for a father who murders the innocence of his two young step-daughters?"  "What is a just or fair sentence for a father and husband who condemns his wife and daughters to a lifetime of mental anguish?"  In the government's view, the only fair and just result is a sentence of life imprisonment.

## THE DEFENDANT'S CRIMES AGAINST INNOCENT CHILDREN

On February 22, 2016, the Defendant pled guilty to three counts of Distributing Material Involving Sexual Exploitation of Minors, and Possession of Material Involving Sexual Exploitation of Minors.  The Defendant also pled no contest to Attempt to Coerce and Entice a Minor to Engage in Sexual Activity, and Production of Child Pornography.  The facts supporting

1

each count were recited during the plea colloquy.  Additionally, the facts supporting each count, as well as the specific offense characteristics, are set forth in the Presentence Investigation Report.  The Court has been provided evidence under seal.  Additional facts will be presented at the sentencing hearing.

## THE CIRCUMSTANCES AND NATURE OF THE OFFENSES

A sentence of life imprisonment is a reasonable and just sentence based on the nature of the Defendant's multiple offenses and the totality of the circumstances.  The Defendant's advisory guideline range is life.  The Defendant's total offense level exceeds the highest total offense level on the guideline sentencing table.  No valid legal or factual reason exists that would justify a sentence less than life.  Life imprisonment is the only sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Title 18, United States Code, Section 3553(a)(2).  Regardless of any guideline calculation, the aggravating factors in this case so far outweigh any mitigating factors that a life sentence is the only reasonable sentence.

### The Defendant Sexually Battered Prepubescent Children

The sexual abuse of children was more than a fantasy for the Defendant.  The Defendant, on multiple occasions, sexually abused two children ages 5 and 8 who were in his care.  The Defendant also attempted to provide one of those children to another pedophile, to be sexually abused, for the purpose of gaining access to innocent children the Defendant intended to sexually abuse.  In text messages written by the Defendant, he graphically described the sexual acts he performed on C.W.  On multiple occasions, the Defendant subjected his two young children to oral, anal, and vaginal sex acts.  The acts of the Defendant were sadistic both because of nature of the particular acts and because the acts were performed on children of such young age and small frames.  To memorialize his experience of pleasure, the Defendant chose to video tape 8 year old C.W. performing oral sex on him.  The Defendant only regretfully erased that video

2

because he was afraid of getting caught.  While the Defendant may regret getting caught and facing punishment, after reading the Defendant's chat messages, it is impossible to believe that he would have any sincere remorse about what he has done to victimize young children.

### The Defendant Promoted Sexual Battery of Prepubescent Children

The Defendant's interaction with other pedophiles on-line both directly and indirectly encouraged them to sexually abuse young children.  The encouragement was accomplished through both chat messaging and the distribution of child pornography.  The Defendant engaged in sexually explicit conversations with other pedophiles in which the participants enthusiastically exchanged extremely explicit descriptions of the sexual abuse committed on prepubescent children.  The conversations and direct encouragement demonstrated to other people that the Defendant was accepting of their behavior.  The conversations also served to arouse the sexual desire of other men to have sex with prepubescent girls.  The Defendant directly encouraged other people to seek out sexual contact with children.   For example, during one chat conversation, a man commented that the Defendant was lucky because he had young children in the home with whom he was able to "play with" (a term used by pedophiles to refer to sex acts with children).  The other man commented that the Defendant was lucky to find a woman with young children.  The Defendant, in turn, remarked that there are many single women with children out there, and encouraged the other pedophile to form a relationship with a woman who has young children.

The distribution of child pornography by the Defendant promoted child sexual abuse.  For example, one of the videos he distributed in the chat room "#toddlerfuck" shows a man's penis ejaculating on the vagina of what appears to be a preschool or grade school age girl.  The distribution of this image could only serve to further sexually arouse other men present in the chat room.  The distribution of child pornography leads other people to believe that sexual abuse

3

of children is acceptable and that distributing images of that abuse is acceptable. Without someone distributing child pornography, they would be unable to obtain it. During chat conversations, the Defendant encouraged both the production and distribution of child pornography.

### The Defendant Contributed to the Indefinite Victimization of Children

The Defendant's distribution and possession of child pornography served to further victimize the children shown in the still images and videos. The images distributed on the internet have the potential of lasting forever. The children in those images will live the remainder of their life knowing that someone is trading, for personal gratification, images of the worst experience in their life. The term "series" refers to a group of images/videos that are linked by a common victim, offender or location. "Known series" refers to a series previously encountered by law enforcement. "Identified series" refers to a group of images/videos where law enforcement has identified the victim(s) depicted. The Defendant was in possession of over 2000 still images of child pornography and over 130 videos of child pornography. A NCMEC search of the files possessed by the Defendant identified 94 known series. Therefore, there are at least 94 separate victims depicted in the images possess by the Defendant. The known series were produced in at least 20 countries around the world, including the United States.

### The Defendant Collected Sadistic Images and Videos

The types of child pornography in the Defendant's collection ranged from simply offensive to patently disturbing. The offensiveness of the pornography ranged from close up images of prepubescent genitals, to lengthy videos of grade school age girls being orally, vaginally and anally penetrated with objects, fingers and penises. Some of the images were purely sadistic. For example, the Defendant was in possession of an image depicting a young girl, lying on a bed wearing a bikini, hogtied with a large yellow rope. The large yellow rope

also served as a gag in her mouth. That image will forever move around the world on the internet because of people like the Defendant. That image will forever serve to gratify the prurient interest of pedophiles around the world. The girl, hogtied with yellow rope, will always know that image is on the internet.

## The Children in the Defendant's Collection Were in Pain

"Point of view" images (videos and photos taken from the vantage point of the offender), are part of the Defendant's collection. The Defendant also possessed child pornography videotaped from the vantage point of an observer in the room. Absent from any of these images is a video or photograph taken from the vantage point of the child. No pedophile would like to empathize with a victim who, at the age of 5 or 10 years old, is being orally, vaginally and anally penetrated by objects, fingers, and penises; objects disproportionately large in relation to the small frame of the child. The pedophile does not empathize with their victim's physical and mental pain. The child's vantage point is not considered by the pedophile, but must be considered by this Court.

In their distorted view of sex, people like the Defendant can be seen interpreting the moans and screams of the children as being those of pleasure not pain. There is such a lack of empathy that it can only be described as evil. In one of the Defendant's chats, he describes to another pedophile how he and his 9 year old victim are "working" on getting his penis inside her vagina. He mentions nothing of her pain. In fact, he extols how he doesn't like causing physical pain. Such a statement is made in a state of clear denial on his part. In one of the videos possessed by the Defendant, a man wearing a clown mask forcefully penetrates a young girl with a large sex toy. The groans are clearly from pain; not from pleasure. The Defendant chose to collect each video and still image depicting the pain of a young child.

### THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

In light of all the facts and circumstances in this case, the history and characteristics of the Defendant should be considered aggravating and not mitigating. There is no question that the Defendant knew the criminal nature of his actions and that he actively, consciously, and knowingly, chose to violate the laws protecting children. The Defendant was a police officer. Rather than enforcing the law, he chose to violate the law for his own personal sexual gratification and the gratification of other pedophiles. And he did this while on duty in uniform.

### Any Prior Abuse Does Not Justify Victimizing Others

The Defendant has provided an uncorroborated account of how he was victimized as a child. Regardless of what impact those events may have had on his life, they serve as no justification for his choice to violate the law and abuse young children for his personal gratification. To whatever degree those events may explain the Defendant's behavior; they do nothing to mitigate his willful choice to violate the law. *See generally* Bruce J. Winick, *Sex Offender Law in the 1990s: A Therapeutic Jurisprudence Analysis,* 4 Psychol. Pub. Pol'y & L. 505, 524 (1998) ("People diagnosed with pedophilia do not molest children in the presence of police officers or in other situations presenting a high likelihood of apprehension. Rather, they act with stealth, deception, and premeditation in an effort to avoid detection. This is purposeful, planned, and goal-directed conduct, not spontaneous and uncontrollable action or action that is substantially beyond the individual's ability to avoid."); *id.* at 523–24 ("There is nothing in the diagnostic criteria for pedophilia or any of the other paraphilias that suggests that individuals diagnosed with these disorders suffer from any cognitive impairment that affects their ability to understand the wrongfulness of their conduct or that renders them irrational in any respect or unable to control their actions.... Moreover, there is nothing in the clinical literature that suggests that sex offenders are unable to exercise self-control.").

6

## THE NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE

A sentence of life imprisonment is necessary to recognize the seriousness of the offenses. Every child mentioned in this case was forced, coerced, or encouraged, to participate in acts they did not desire. Quite simply, prepubescent children do not know about or desire sexual contact. Regardless of this fact, the children were perceived by their offenders as nothing more than an object to be used for their own gratification. Not for one moment did the Defendant or other offenders give consideration to the lifelong harm they were inflicting on these children.

### The Defendant's Intentions were Callous and Self Serving

In this case, C.W. was viewed by the Defendant as a commodity to exchange in order to gain access to another child he sought to sexually abuse. The use of one person merely as a means to an end is a great moral wrong. It is almost impossible to conceive of a worse evil. For children to be subjected to such disgusting sexual acts only serves to amplify the moral wrong being perpetrated against them. Anything less than life in prison would fail to reflect the serious nature of these offenses.

### The Degree of Harm is Extensive

A life sentence reflects the degree of harm the Defendant did to so many children. The still images and videos represent not just a particular day or event; they represent the image that victims carry in their memories for the remainder of their lives. The victims will always be looking, in their memory, toward the offender who is naked, aroused, and in total control.

The Eleventh Circuit in *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010), analyzed the harm cause by the sexual abuse of children. The following paragraphs were pulled from the body of the *Irey* opinion. Much has been said to describe and emphasize the grave harm that sexual abuse of children inflicts on its victims. Some of the best and most recent descriptions of

that harm can be found in *Kennedy v. Louisiana*, 554 U.S. 407, 128 S.Ct. 2641 (2008).  Although

the Court by a 5 to 4 margin decided that capital punishment could not constitutionally be

imposed for the rape of a child, all nine justices agreed that sexual abuse of children inflicts

enormous harm on the victims. The majority acknowledged that:

> Here the victim's fright, the sense of betrayal, and the nature of her injuries
> caused more prolonged physical and mental suffering than, say, a sudden
> killing by an unseen assassin. The attack was not just on her but on her
> childhood.... Rape has a permanent psychological, emotional, and sometimes
> physical impact on the child. We cannot dismiss the years of long anguish that
> must be endured by the victim of child rape.

*Id.* at 2658 (citations omitted).

The four dissenting justices in *Kennedy* believed that child rape was such a serious crime

that death could be imposed as punishment for it. *Id.* at 2677–78 (Alito J., joined by Roberts,

C.J., Scalia, and Thomas, JJ., dissenting). They stressed the devastating, long-term effect that

rape has on children. *See id.* at 2677 ("The immaturity and vulnerability of a child, both

physically and psychologically, adds a devastating dimension to rape that is not present when an

adult is raped. Long-term studies show that sexual abuse is grossly intrusive in the lives of

children and is harmful to their normal psychological, emotional and sexual development in

ways which no just or humane society can tolerate." (citations and quotation marks omitted).

Even before the *Kennedy* opinions, the Supreme Court had long recognized that

childhood sexual abuse has devastating and long-lasting effects on its victims.  *See New York v.*

*Ferber*, 458 U.S. 747, 758 n. 9 (1982) ("It has been found that sexually exploited children are

unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and

have a tendency to become sexual abusers as adults." (citing Schoettle, *Child Exploitation: A*

*Study of Child Pornography,* 19 J. Am. Acad. Child Psychiatry 289, 296 (1980)).

The Defendant's crimes warrant a sentence of life in prison because of both the quality and the quantity of harm inflicted. He performed and promoted some of the vilest acts that can be committed against any person. The fact that he chose innocent children to victimize makes the crimes even more despicable.

### The Defendant's Actions Harmed His Family and The Community

Beyond victimizing innocent children, the Defendant's actions harmed both his family and the community. The fallout of his choices have been devastating. The only person responsible is the Defendant. His wife is left to care for three children. The children and their mom are now fearful and untrusting of other people. She will no doubt never trust another man to be around her children. The child fathered by the Defendant will be without a dad. The Defendant's arrest and conviction will no doubt tarnish the perception of law enforcement in the community. This case and the Defendant's acts will be in the mind of the public when they see police officers.

### THE SENTENCE IMPOSED MUST PROMOTE RESPECT FOR THE LAW

A sentence of life imprisonment would promote respect for the law and would be sufficient but not greater than necessary as applied to the facts and circumstances of this case. The chat messages demonstrate the utter lack of respect for the law on the part of the Defendant and other pedophiles. Their only concern for the law is that someday they may get caught.

Coupled with their utter disregard for the law is the glorification of the greatest moral wrongs. For example, one person chatting with the Defendant wrote a statement praising the child pornography series produced by "Mastadon." "Mastadon" is a producer of child pornography revered by pedophiles. The Defendant replied and expressed his admiration for "Mastadon." In a videos produced by "Mastadon," (available for the Court to view) a grade school age girl is seen wearing a tiger outfit. She is made to act like a tiger stalking it's pray and

eating an erect adult penis.   In another "Mastadon" video, the same girl is videotaped masturbating and anally penetrating herself.   The male is later videotaped as he ejaculates on her chest.   The video ends with the text credit, "To all our fans. Mastadon and April."

 A life sentence will provide general deterrence to members of a community that interact with complete indifference to the rules and norms of a civilized society.   A life sentence would send a message of condemnation to a community that has an utter disregard for the laws protecting children.

<u>**THE SENTENCE MUST PROVIDE JUST PUNISHMENT FOR THE OFFENSE**</u>

A life sentence is just punishment for the harm inflicted by the Defendant.   The victims in this case, both the children the Defendant abused, as well as the children in the images of child pornography, must suffer for the remainder of their life with the experience of being sexually abused.   They were innocent young children who did not choose those memories and pain.   They have done nothing wrong.   One must, when assessing these types of cases, empathize with the child who was approached by an offender and was forced, coerced, or encouraged, to participate in an act they did not desire.   By their very nature, they did not have the physical or psychological ability to resist.   For the remainder of their lives, they will remember the physical harm of having a penis, fingers, and objects forced into their vagina, mouth and rectum.   They must remember moments when they had semen on their face or in their body, or they will remember when they were bound and hidden away from the people in their life who could protect them.

The images will never go away for these children, even as they grow into adulthood. Because the victims will need to live the remainder of their life with the psychological and physical scars of being sexually abused, the Defendant should serve the remainder of his life with a punishment proportional to the harm they have suffered.   Incarceration represents a

deprivation of pleasure.  That deprivation is proportional to the mental anguish and lack of pleasure suffered by the many sexually abused children involved in the offenses in this case. The Defendant's punishment should be for his whole life.  While the Defendant may be a young man, the starting point for his life sentence will be much later in life than that of the children he abused or encouraged others to abuse.  Without hesitation or empathy, the Defendant victimized children and encouraged others to victimize children.   Without hesitation, the court should impose a life sentence.

The § 3553(a)(2)(A) consideration is the "just deserts" concept, which carries the need for retribution, the need to make the punishment fit the crime, and the need not just to punish but to punish justly. In *U.S. v. Pugh,* 515 F.3d 1197 (11th Cir. 2008), the Eleventh Circuit quoted from the Senate Report regarding this provision:

> This purpose—essentially the "just deserts" concept—should be reflected clearly in all sentences; it is another way of saying that the sentence should reflect the gravity of the Defendant's conduct. From the public's standpoint, the sentence should be of a type and length that will adequately reflect, among other things, the harm done or threatened by the offense, and the public interest in preventing a recurrence of the offense. From the Defendant's standpoint the sentence should not be unreasonably harsh under all the circumstances of the case and should not differ substantially from the sentence given to another similarly situated Defendant convicted of a similar offense under similar circumstances.

515 F.3d at 1195 (quoting S.Rep. No. 98–225, at 75–76, 1984 U.S.C.C.A.N. 3258–59); *see also United States v. Lychock*, 578 F.3d 214, 220 (3rd Cir.2009); *United States v. White Face*, 383 F.3d 733, 740 (8th Cir.2004); *United States v. Beasley*, 12 F.3d 280, 283 (1st Cir.1993).

When child pornography is produced in conjunction with the sexual abuse of children, as it was here, the harm to the child victims is magnified and perpetuated. *See Ferber*, 458 U.S. at 759 (stating that "the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation"); *Pugh,* 515 F.3d at 1197–98 & n.

12 (citing extensive congressional findings about the harm caused by child pornography and recognizing that "[i]n light of these detailed legislative findings and numerous legislative enactments, we cannot help but underscore the seriousness of this crime"); *see also* Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109–248, § 501(2)(D), 120 Stat. 587, 624 (2006) (codified at 18 U.S.C. § 2251 note) ("Every instance of viewing images of child pornography represents a renewed violation of the privacy of the victims and a repetition of their abuse.").

Because the punishment should fit the crime, the more serious the criminal conduct is the greater the need for retribution and the longer the sentence should be. The seriousness of a crime varies directly with the harm it causes or threatens. It follows that the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime. Child sex crimes are among the most egregious and despicable of societal and criminal offenses. A life sentence is a punishment that the Defendant justly deserves.

## THE SENTENCE MUST AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT

A sentence of life imprisonment would be sufficient but not greater than necessary to provide deterrence to other individuals engaging in this type of conduct. Sexual desire may be very strong, but pedophiles do not necessarily need to act on their desire. Because of evolving technology, the internet is becoming increasingly inaccessible to law enforcement. Child abusers have been taking advantage of the ever increasing ability to evade detection by law enforcement. As the probability of getting caught decreases, the severity of the punishment must increase to deter offenders from risking apprehension. A life sentence will send a message that it is a crime and a great moral wrong to obtain sexual gratification from viewing images of abused children,

producing child pornography, and exchanging children for sex.  It would send the message that, if you do those things, you should expect to go to prison for the remainder of your life.

A life sentence represents how we as a society condemn these acts.  This case will undoubtedly be reported in the press.  There are offenders victimizing children every hour of every day.  The people who abuse children should know that with each chat, exchanged e-mail, or downloaded image, they have the possibility of being imprisoned for the remainder of their life.  *See, e.g., Ferber*, 458 U.S. at 760 ("The most expeditious if not the only practical method of law enforcement may be to dry up the market for [child pornography] by imposing severe criminal penalties on persons selling, advertising, or otherwise promoting the product."); *Osborne v. Ohio*, 495 U.S. 103, 109–10 (1990) ("It is also surely reasonable for the State to conclude that it will decrease the production of child pornography if it penalizes those who possess and view the product, thereby decreasing demand.").

Imposing a lighter sentence on one convicted of a child pornography offense would tend to undermine the purpose of general deterrence, and in turn, tend to increase the child pornography market.  The problem of a missed opportunity for deterrence is compounded when the crime involves not just possession but also distribution of child pornography. *E.g., United States v. Goff*, 501 F.3d 250, 261 (3rd Cir. 2007) ("[D]eterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing...."); *United States v. Barevich*, 445 F.3d 956, 959 (7th Cir. 2006) ("Transporting and receiving child pornography increases market demand. The greater concern under the Guidelines is for the welfare of these exploited children.  The avenue Congress has chosen to weaken the child pornography industry is to punish those who traffic in it.")  The amount and type of child pornography possessed by the Defendant, coupled with his other criminal acts, justifies a life sentence.

## A SENTENCE OF LIFE IN PRISON IS NECESSARY TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT

Only a lifetime of imprisonment will be sufficient to prevent the Defendant from offending again.  The Defendant's chat messages demonstrate that abusing children was a deep seeded part of his psyche.  Data found on the Defendant's electronic devices indicates that he has been collecting and viewing child pornography since at least 2008.  He had been actively abusing prepubescent children for years and there was no indication that he was going to stop.  Had it not been for the efforts of Agent Brian Ray and the Office of Homeland Security Investigations there can be no doubt that he would be victimizing C.W. and H.W. today.

The chat messages demonstrate the Defendant's inability to abide by the law.  He chose to view and distribute child pornography while he was not only employed as a police officer; but while he was on duty.  The Defendant has a pervasive and deep-seeded attraction to prepubescent girls.  He specifically stated in one of the text messages that he is sexually attracted to girls in the prepubescent age range.

The Defendant's behaviors are almost impossible for law enforcement to monitor.  He was hired and worked at a law enforcement agency, yet no one had any indication that he had been abusing children and trading child pornography.  His wife had no indication he was abusing children.  The Defendant worked hard to hide his behavior.  He used pseudonyms for his screen names and accounts.  He possessed a TOR browser, which was used to prevent law enforcement from identifying him.  As the means for evading detection become more sophisticated, the only way to ensure the Defendant will not offend again is to have him incarcerated for the remainder of his life.  His desire to offend and his utter disregard for the law are so deep-seeded that the only way to protect future victims is to incarcerate the Defendant for the remainder of his life.

14

## THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT

A life sentence for the Defendant would not be disproportional to sentences imposed in other cases when the nature of the offenses is considered. The consideration of the advisory guidelines range is important, because the guidelines "are an indispensable tool in helping courts achieve Congress's mandate to consider 'the need to avoid unwarranted sentence disparities' among similarly situated Defendants," *United States v. Hunt*, 459 F.3d 1180 (11th Cir. 2006); 18 U.S.C. § 3553(a)(6). Even though not bound by the guidelines, a sentencing court may not give them so little consideration that it amounts to "not giv[ing] any real weight to the Guidelines range in imposing the sentence." *Pugh*, 515 F.3d at 1200; *see also Booker*, 543 U.S. at 264 ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."). The Defendant scores life. He should receive a sentence of life in prison because there is no reason to vary and the sentence would be proportional to other sentences imposed for similar conduct. While no set of aggravating and mitigating factors is exactly the same, the following cases are similar to the Defendant's case.

The following cases are from within the Southern District of Florida: *United States v. Scott Michael Williams* (12-10029-CR-KING) 48, pleaded guilty to two counts of production of child pornography, one count of distribution of child pornography, two counts of possession of child pornography and possession of a firearm by a felon. These charges stem from photographs found on an external hard drive attached to Williams's computer that show two prepubescent girls exposing their genitals and engaged in lewd and lascivious acts with the Defendant. The girls were relatives of the Defendant. He too claimed he was sexually abused as a child. He was sentenced to 100 years in federal prison by U.S. District Court Chief Judge Federico A. Moreno.

*United States v. Edgar Geovani Esquivel Castillo* (1:10-CR-20120-DMM) pleaded guilty to four counts of production of child pornography, and one count of possession of child pornography. The evidence showed that he produced videos of himself engaged in sexually explicit conduct with a three-year-old female he babysat at his home. Total offense score was 51, but was reduced to 43, the maximum possible offense level.  Castillo had a criminal history category of I.  He was sentenced to thirty years for each of the production convictions and ten years for the possession conviction, to run consecutively, for a total sentence of 1,560 months' imprisonment by United States District Judge Donald M. Middlebrooks.  *United States v. Leslie Grey Vanaman* (13-80088-CR-ZLOCH) 44, pleaded guilty to receipt and possession of child pornography (USAO had charged but agreed to dismiss the production count).  The evidence showed that he sent erotic images of children in exchange for images of child pornography.  He also lived in a naturist resort (nudist colony) where he took posed pictures of 4-5 children, two of which were identified and were eight and eleven years old (some of which qualified as CP).  He had a prior possession of child pornography conviction.  His guidelines called for life imprisonment.   He was sentenced to 720 months - the stacked statutory maximum term of the two counts, by United States District Judge William J. Zloch.

In cases where the defendant engaged in sexual activity with children, other courts have sentenced defendants to the advisory guidelines sentence or beyond. *United States v. Huskey*, 349 Fed.Appx. 495 (11th Cir.2009) (70 year sentence for Defendant who fell within criminal history category I, who engaged in anal, oral, and vaginal sex with his daughter, and penetrated her vagina with objects while she was between the ages of 6 and 9; recorded the abuse in photographs and on videotapes, and traded images of the abuse over the internet for other child pornography); *United States v. Oliver*, 281 Fed.Appx. 898 (11th Cir.2008) (130 year sentence for the Defendant, with no criminal record that was mentioned, who produced images of himself

molesting a single victim, his 6–year–old granddaughter, and distributed those images over the internet); *United States v. Foster*, 209 Fed.Appx. 942 (11th Cir.2006) (life imprisonment for the Defendant who fell within criminal history category I, and who during a 4–year period engaged in oral and vaginal sex with a single victim who was less than 12 years old when the abuse began); *United States v. Sarras*, 575 F.3d 1191, 1208, 1220-21 (11th Cir. 2009) (upholding as reasonable a 100-year sentence for a first-time offender who sexually abused a 13-year-old girl and produced pornographic images of the victim); *United States v. Johnson*, 451 F.3d 1239, 1244 (11th Cir. 2006) (upholding as reasonable a 140-year sentence for abusing and photographing three boys between the ages of 8 and 16 based on consecutive statutory maximums under 18 U.S.C. § 2251(e) and § 2252A(b)(1)); *United States v. Kapordelis*, 569 F.3d 1291, 1318-19 (11th Cir. 2009) (upholding as reasonable a 420-month sentence, which represented an upward variance from the 262-327-month advisory guidelines range and included 240-month sentences on counts charging production of child pornography under § 2251(a) and 180-month consecutive sentences on counts charging receipt of child pornography under § 2252A(a)(2)(A)); *United States v. Huffstatler*, 561 F.3d 694, 698 (7th Cir. 2009) (upholding as reasonable an above-guidelines, 450-month sentence for producing pornographic pictures of a 14-year-old boy); *United States v. Raplinger*, 555 F.3d 687, 695 (8th Cir. 2009) (upholding as reasonable a 457-month sentence for photographing and having sexual intercourse with a 15-year-old girl), cert. denied, 129 S.Ct. 2814 (2009); *United States v. Betcher*, 534 F.3d 820, 827-28 (8th Cir. 2008) (upholding as reasonable a 750-month (62.5 year) sentence for a first-time offender who had taken pornographic pictures of five 8- to 11-year-old girls, including two of his granddaughters), cert. denied, 129 S.Ct. 962 (2009).

Sentencing the Defendant to life in prison would be a sentence in line with many other sentences. One set of facts sets him apart and provides further and definitive justification for a

life sentence.  He callously offered to swap C.W. with another man so he could have sex with the

other man's child.  Her life, like the lives of so many, was the nightmare providing the Defendant

with pleasure.

WHEREFORE, the United States of America respectfully requests that the Defendant be

sentenced to spend the remainder of his life in the custody of the Bureau of Prisons.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:      *s/ Daniel E. Funk*
         Daniel E. Funk
         Assistant United States Attorney
         Daniel.Funk@usdoj.gov
         United States Attorney's Office
         101 South U.S. Hwy. 1, Ste. 3100
         Fort Pierce, Florida 34950
         Telephone: 305-905-7509

By:      *s/ Russell R. Killinger*
         Assistant United States Attorney
         Russell.Killinger@usdoj.gov
         United States Attorney's Office
         101 South U.S. Hwy. 1, Ste. 3100
         Fort Pierce, Florida 34950
         Telephone: 772-466-0899

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by electronic

filing on May 13, 2016, and on Defendant's counsel of record on the Service List below.

*/s/Daniel E. Funk*
DANIEL E. FUNK
Assistant United States Attorney

<u>SERVICE LIST</u>

| | |
|---|---|
| Daniel E. Funk<br>Assistant United States Attorney<br>Daniel.Funk@usdoj.gov<br>Russell R. Killinger<br>Assistant United States Attorney<br>Russell.Killinger@usdoj.gov<br>United States Attorney's Office<br>101 South U.S. Hwy. 1, Ste. 3100<br>Fort Pierce, Florida 34950<br>Telephone: 772-466-0899<br>Attorneys for the United States | Fletcher Peacock<br>Assistant Federal Public Defender<br>109 North Second Street<br>Fort Pierce, Florida 34950<br>Tel: 772-489-2123<br>Fletcher_Peacock@fd.org<br>Attorney for Michael Harding |

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

NO. **16-13617-GG**

United States of America,

Appellee,

- versus -

Michael Edwin Harding,

Appellant.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
_____

**SEALED** SUPPLEMENTAL APPENDIX FOR THE UNITED STATES

<div style="text-align:right">

Wifredo A. Ferrer
United States Attorney
Attorney for Appellee
99 N.E. 4th Street
Miami, Florida 33132-2111
(305) 961-9129

</div>

Emily M. Smachetti
Chief, Appellate Division

Lisette M. Reid
Assistant United States Attorney

Of Counsel

Volume 2 of 2

## Certificate of Service

I hereby certify that two copies of the two-volume Supplemental Appendix for the United States were mailed to the Court of Appeals via Federal Express this 23rd day of January 2017, and that on the same day, volume one of the Supplemental Appendix was filed using CM/ECF and served via Federal Express on: Assistant Federal Public Defender Fletcher Peacock, counsel for Michael Edwin Harding; volume two was not filed electronically, but was sent to the Court under seal.

s/ *Lisette M. Reid*

Lisette M. Reid
Assistant United States Attorney

*mw*